Francis H. Krebs *vs.* James L. Oliver.

It is actionable to say that a person has been imprisoned for larceny in a foreign country.

The submission of a question of law to the jury is no ground of exception if they decide it aright.

Statements that a man has been imprisoned for larceny, made to the family of a woman whom he is about to marry, by one who is no relation of either, and not in answer to inquiries, are not privileged communications.

Action of tort for slander, in falsely and maliciously accusing the plaintiff of the crime of larceny by words in substance as follows : " Dr. Krebs was imprisoned many years in a penitentiary in Germany for larceny."

At the trial before *Thomas,* J., the plaintiff introduced evidence tending to show the speaking of these words to the father, brother and brother in law of a woman whom the plaintiff was about to marry, and to a fourth person, who was not related to the family, but whose brother in law had married her sister.

The defendant testified that he had been on intimate terms

with the members of the family to whom the charges against the plaintiff's character had been communicated ; that he had always repeated them as reports which he had heard ; that he had not been previously acquainted with the plaintiff; that he had no malicious intent in speaking, and that he made the communications in good faith, and in pursuance of what he considered a duty.

The defendant asked the court to rule, as matter of law, that the words alleged to have been spoken by the defendant did not impute to the plaintiff the commission of the crime of larceny, and the plaintiff could not recover. But the court declined so to rule ; and left it to the jury to say whether on the whole they were satisfied the defendant by these words had meant to impute to the plaintiff the commission of the crime of larceny.

The defendant also prayed the court to instruct the jury, " that if the words alleged to have been spoken by the defendant of the plaintiff were confidentially communicated by the defendant to members of the family of a lady whom the plaintiff was about to marry, with which family the defendant was familiarly acquainted and on terms of friendship, and if the defendant believed them to be true, and they were spoken in good faith and without malice, and in pursuance of what the defendant believed to be his moral duty, it was a privileged communication, and the plaintiff cannot recover." But the court refused to give this instruction ; and ruled " that the fact that the plaintiff was about to be married could not justify the defendant in reporting to the members of the lady's family the charges alleged, if false, no inquiry having been made of the defendant or information requested from him ; that the defendant sustained no relation to the family of the lady which would make the communication privileged in law, and that the defence could not be maintained."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. W. Smalley,* for the defendant. The words being proved, their construction and interpretation were for the court. 1 Stark.

Sland. 45. *Dunnell* v. *Fiske*, 11 Met. 553, 554. *Farnsworth* v. *Storrs*, 5 Cush. 412.

The words spoken were not actionable. The plaintiff's jeopardy in a legal point of view is the principal ground of action; that is, his liability to indictment in consequence of the slander. 1 Stark. Sland. 17. 2 Selw. N. P. 1255. *Snag* v. *Gee*, 4 Co. 16. *Barler's case*, Mo. 401. *Steward* v. *Bishop*, Hob. 177. *Onslow* v. *Horne*, 3 Wils. 177. "In case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be in themselves actionable." *Brooker* v. *Coffin*, 5 Johns. 191, cited and approved in *Widrig* v. *Oyer*, 13 Johns. 124; *Martin* v. *Stillwell*, 13 Johns. 275; *Van Ness* v. *Hamilton*, 19 Johns. 367; *Young* v. *Miller*, 3 Hill, 22; *Andres* v. *Koppenheafer*, 3 S. & R. 255.

The communications were privileged in law because made to persons who had an interest in their subject matter, in good faith, without malice, and in the discharge of a moral duty, or of what the defendant believed to be a moral duty. The persons to whom the communications were made having an interest in their subject matter, it was not necessary that any inquiry should have been made of the defendant, nor that he should have sustained any particular relation to the persons charged or the persons informed. 1 Stark. Sland. 320, 323, 326, note. 2 Greenl. Ev. § 421 & note. 2 Stark. Ev. (1st Amer. ed.) 863. Bul. N. P. 8. Holt N. P. 306, note. *Toogood* v. *Spyring*, 1 Cr., M. & R. 193. *Wright* v. *Woodgate*, 2 Cr., M. & R. 577. *Pattison* v. *Jones*, 8 B. & C. 584. *Coxhead* v. *Richards*, 2 C. B. 569. *Dunman* v. *Bigg*, 1 Campb. 269, note. *M'Dougall* v. *Claridge*, 1 Campb. 267. *Cleaver* v. *Sarraude*, 1 Campb. 268. *Todd* v. *Hawkins*, 2 M. & Rob. 21, and 8 Car. & P. 88. *Fairman* v. *Ives*, 5 B. & Ald. 645. *Ward.* v. *Smith*, 4 Car. & P. 302. *Cockayne* v. *Hodgkisson*, 5 Car. & P. 543. *Shipley* v. *Todhunter*, 7 Car. & P. 689. *Wilson* v. *Robinson*, 7 Ad. & El. N. R. 68. *Blake* v. *Pilfold*, 1 M. & Rob. 198. *Somerville* v. *Hawkins*, 10 C. B. 583. *Bradley* v. *Heath*, 12 Pick. 165. *State* v. *Burnham*, 9 N. H. 41. *White* v. *Nicholls*, 3 How. 286.

Whether the charges were communicated to more persons than was necessary, was proper to be considered by the jury in reference to the questions of malice and good faith; but the occasion was none the less privileged in law because the defendant may have erred in judgment. *Harrison* v. *Bush*, 5 El. & Bl. 344. *Child* v. *Affleck*, 9 B. & C. 403. *Toogood* v. *Spyring*, *Coxhead* v. *Richards* and *Bradley* v. *Heath*, above cited. *Gas-sett* v. *Gilbert*, 6 Gray, 97.

*S. Bartlett, Jr.*, for the plaintiff.

BIGELOW, J. We cannot doubt that the words alleged in the declaration are actionable. It is not necessary that the language used, in order to be slanderous, should be so spoken, as, if true, to expose the person concerning whom it is uttered to a criminal prosecution. That is one of the tests by which to determine whether it constitutes a good cause of action, but it is not the only one. The other is that it imputes to a person a species of misconduct to which the law attaches a criminal punishment, and that thereby he is subjected to obloquy and social degradation and disrepute. The imputation of crime is essential as a test whether the words used do amount to legal slander; but it does not take away their actionable qualities, that they are so spoken as to indicate that the party has suffered the penalty of the law or is no longer exposed to danger of punishment. In *Van Ankin* v. *Westfall*, 14 Johns. 234, the court say, "the right of the plaintiff to sustain the action does not depend upon the question whether he was liable to be prosecuted and punished for the crime charged against him." And in a more recent case, where the words spoken were "He is a returned convict," it was held that they were actionable, Lord Denman saying, "They import, to be sure, that the punishment has been suffered, but the obloquy remains." *Fowler* v. *Dowdney*, 2 M. & Rob. 119. See also *Carpenter* v. *Tarrant*, Cas. temp. Hardwicke, 339; *Gainford* v. *Tuke*, Cro. Jac. 536; *Boston* v. *Tatam*, Cro. Jac. 623; *Cuddington* v. *Wilkins*, Hob. 81; *Smith* v. *Stewart*, 5 Barr, 372; *Shipp* v. *McCraw*, 3 Murphy, 463.

It would have been more proper for the court to have given a construction to the words charged, and not to have submitted

any question concerning their meaning to the jury; but as the jury have found, as matter of fact, that the words were intended by the defendant to convey the same meaning as their legal interpretation imports, he is not aggrieved by the refusal of the court to give the instruction for which he asked. *Ricker* v. *Cutter*, 8 Gray, 248.

We think it equally clear that the words spoken cannot be regarded as a privileged communication or justified by the occasion on which they were uttered. It does not appear that the defendant in speaking them acted either for the protection of any interest of his own, or in the discharge of any duty, social, moral or legal. The person whom the plaintiff was about to marry was neither dependent on the defendant nor connected with him by the ties of consanguinity or otherwise. No inquiry was made of him by her or her parents or near relatives concerning the character of the plaintiff. He was strictly a volunteer in making the communication. A mere friendly acquaintance or regard does not impose a duty of communicating charges of a defamatory character concerning a third person, although they may be told to one who has a strong interest in knowing them. The duty of refraining from the utterance of slanderous words, without knowing or ascertaining their truth, far outweighs any claim of mere friendship. Indeed it would be difficult to conceive of a case in which a party could not shelter himself within the protection of his privilege, if the rule should be established that one having no interest of his own to protect, without inquiry or application by one who might have such interest, could be allowed to utter defamatory words, on the ground that he held the relation of a friend towards the person to whom he communicated the slander. We know of no rule which holds such communications to be privileged by the occasion. *Gassett* v. *Gilbert*, 6 Gray, 94. *Harrison* v. *Bush*, 5 El. & Bl. 348.

The instructions which the defendant requested on this part of the case were therefore properly refused.

*Exceptions overruled*