Statement of Facts.

132    288
37SC   124
37SC   133

## COMMON'TH EX REL. v. PHILADELPHIA ET AL.

APPEAL BY RELATORS FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued January 24, 1890—Decided February 17, 1890.

An ordinance of the city of Philadelphia providing that in default of
    payment for gas consumed, within ten days after a bill is rendered, the
    flow of gas may be stopped until the bill is paid, is a reasonable regula-
    tion ; and the city will not be compelled by mandamus at the suit of a
    property owner to turn on the flow of gas, where it appears that there are.
    unpaid bills for gas consumed on the premises by prior occupants :
    Girard Life Ins. Co. v. Philadelphia, 88 Pa. 393, followed.

Before PAXSON, C. J., CLARK, WILLIAMS, McCOLLUM and
MITCHELL, JJ.

No. 34 January Term 1890, Sup. Ct. ; court below, No. 373½
December Term 1888, C. P. No. 4.

On December 4, 1888, the trustees of the Roman Catholic
High School filed a petition for a mandamus against the city
of Philadelphia and Louis Wagner, Director of Public Works.
The respondents filed an answer, to which the plaintiffs de-
murred ; and on May, 1889, after argument, judgment on the
demurrer was entered for the defendants, opinion by THAYER,
P. J.:

The petitioners set forth that they are owners of a lot of
ground, situate on the east side of Broad street, between Vine
and Pearl streets, on which they are engaged in erecting a
building for a high school; that they acquired their title by a
conveyance from Richard J. Dobbins, February 21, 1884; that
they require the use of city gas in said building, and have ap-
plied to the Director of Public Works for the usual meter
and connection pipe from the main to the meter, in order that
a flow of gas may be obtained, for which they are willing to
pay the usual rates and the cost of introduction; but that the
defendants refuse to allow the connection to be made with the
gas main, or to put in a meter for the purpose of introducing
the flow of gas therein, assigning as a reason therefor that

there appears upon the books of the Bureau of Gas unpaid bills for gas consumed by J. H. Goldbeck, W. E. Major, G. Grottenthaler & Son, previous tenants or occupants of the premises, amounting in the aggregate to $53.66.

The defendants, in their answer, after admitting the plaintiffs' application for the gas and the defendants' refusal, say: That by the ordinance of March 21, 1835, relating to the creation and management of the Philadelphia Gas Works, it is provided that the trustees shall from time to time prepare and submit to councils, for their approbation, rules and regulations under which gas may be furnished to private consumers: [Phila. City Dig., 211 n.]   That by an ordinance approved July 12, 1839, § 13, it is provided: "In default of payment for gas consumed, within ten days after a bill is rendered, or in case of a leak or injury done to the meter or pipes within the premises of any consumer, the flow of gas may be stopped until the bill is paid or the necessary repairs are made:" [Phila. City Dig. 217.]   That the fifteenth section of said ordinance provides that the trustees reserve to themselves the right to refuse to introduce gas into any premises, until all arrears due on said premises shall have been paid.   That by virtue of the act of June 1, 1885, P. L. 37, known as the Bullit Bill, article 4, the control and management of the Philadelphia Gas Works passed from the hands of the trustees into the care, custody and management of the Department of Public Works, one of the defendants herein, Louis Wagner, being the director of said department.   That the ordinances aforesaid, authorizing the right to stop the flow of gas until all arrears are paid, are just and reasonable ordinances, such as the councils of the city of Philadelphia have the right to make and the city the right to enforce.

Defendants say that there are about 91,000 consumers of gas supplied by the city, and on an average there are 875 delinquents at the end of each quarter.   Unless the ordinances in question are enforced, the city will have no means of collecting these bills without a suit in each case, and such suit would in most cases be fruitless.   The said ordinances are printed upon every gas bill, for the information of gas consumers.   Before gas is introduced in any building a permit is signed by the owner, in which he agrees that the flow of gas may be stopped

in default of payment of gas bills. Gas mains and service pipes all belong to the city. They therefore deny that the city authorities are acting illegally in refusing to supply the plaintiffs with gas, until all arrearages for gas consumed on the premises have been paid. They say that in doing so they are but carrying out and enforcing the provisions of the city ordinances relating to the subject, which provisions and regulations it was entirely competent and legal for the city to make.

The question here raised is by no means a new one, and we are relieved from all difficulty or doubt in deciding it, by the decision of the Supreme Court in Girard Life Ins. Co. v. Philadelphia, 88 Pa. 393, which is upon the very point, and virtually on all fours with the present case, although it relates to the supply of water by the city and not gas.

In that case the owners of certain premises sought to enjoin the city from cutting off their water supply because they refused to pay three years' arrearages of water rents, which had accumulated previously during the ownership of other parties, together with a penalty of fifteen per centum for non-payment. The city stood for its justification upon the ordinance of March 22, 1862, which required all arrearages of water rents upon the premises to be paid before a new applicant could be allowed to use the water; just as the ordinance of July 12, 1839, in the case now before us, provides that the use of gas may be refused until all arrearages for gas consumed on the premises have been paid. The right of the city to make and enforce such ordinances, and, indeed, to make and apply any conditions precedent which it may choose, relative to the carrying on of such a business, in the same manner that any private corporation might do, was so fully discussed and demonstrated in the opinion of the court, delivered by PAXSON, J., in Girard Life Ins. Co. v. Philadelphia, as to render any further argument of the point on our part superfluous and a mere waste of words. It is not possible, in my opinion, for the most astute and critical mind to point out any real difference of principle between the Girard Life Ins. Co. v. Philadelphia and the case now in hand. That case rules the present one. If its principles are to be attacked it must be in another forum.

Judgment for the defendants on the demurrer, and that the petition for a writ of mandamus be dismissed.

—Thereupon the relators took this appeal, assigning for error the order entering judgment on the demurrer for the defendants and dismissing the relators' petition.

*Mr. Thomas R. Elcock*, for the appellants.

Counsel cited: Western S. Fund Soc. v. Philadelphia, 31 Pa. 175; Wheeler v. Philadelphia, 77 Pa. 338; Louisville Gas Co. v. Gas Light Co., 115 U. S. 513; Gordon v. Winchester B. Ass'n, 12 Bush. 114 (23 Am. Rep. 713); New Orleans Gas L. Co. v. Light & M. Co., 115 U. S. 519; New Orleans v. Clark, 95 U. S. 652; Lombard v. Strauss, 4 Cush. 60; Morawetz on Corp., § 498; Wegmouth v. Log Driving Co., 71 Me. 29; People v. Manhattan Gas Co., 45 Barb. 136; Sickles v. Gas Co., 66 How. Pr., 314; Morey v. Metropolitan Gas L. Co., 6 J. & S. 135; Evans v. Erie Co., 66 Pa. 222.

*Mr. Robert Alexander* and *Mr. Charles F. Warwick*, City Solicitor for the appellees, were not heard.

The brief filed cited: Commonwealth v. Pittsburgh, 34 Pa. 496; Lehigh Water Co.'s App., 102 Pa. 515; Carr v. Northern Liberties, 35 Pa. 324; Grant v. Erie, 69 Pa. 420; Girard Life Ins. Co. v. Philadelphia, 88 Pa. 393; Strawbridge v. Philadelphia, 13 Phila. 173; Foster v. Gas Works, 12 Phila. 511.

PER CURIAM:

This case is ruled by Girard Life Ins. Co. v. Philadelphia, 88 Pa. 393. An attempt was made by the learned counsel for the plaintiffs to distinguish that case from this, but he has failed to satisfy us that there is any essential difference. Nor need we discuss the effect of the statute of limitations, or the presumption of payment of the gas bills in question arising from the lapse of twenty years, as some of the delinquent bills are within six years. The case has been so well discussed by the learned and able president of the court below that we need not add anything to what he has said.

Judgment affirmed.