Samples *v.* Carnahan.

## SAMPLES *v.* CARNAHAN.

[No. 2,505. Filed October 14, 1898.]

APPEAL AND ERROR.—*Assignment of Error.*—*Demurrer.*—Where the transcript recites that a demurrer was filed to a particular paragraph of answer, and that it was overruled, but the demurrer is not copied in the record, and the grounds of the demurrer not given, no question is presented. *p. 56.*

LIBEL.—*Plea of Justification.*—An answer admitting the publication of words alleged in the complaint to be libelous, but which does not admit such words to be true in the sense imputed by the innuendo, is not good as a plea of justification. *p. 58.*

SAME.—*Privileged Communication.*—*Letter.*—A letter voluntarily written to an acquaintance with whom the writer had had some business dealings, representing that a certain person holding himself out as an attorney was not honest, and advising against the employment of such attorney, is not a privileged communication. *p. 58.*

PLEADING.—*Answer.*—*Demurrer.*—Averments in an answer which do not properly belong therein do not make the pleading bad on demurrer for want of facts. *p. 59.*

SAME.—*Answer in Justification.*—*Right to Open and Close.*—*Practice.*—Where a complaint for libel proceeds upon the theory that plaintiff has suffered damages in his special calling, that of an attorney at law, by reason of the publication of a certain letter by defendant, an answer admitting the publication of the letter, but

which does not expressly or impliedly admit that plaintiff is an attorney, will not entitle defendant the right to open and close. *pp. 60-62.*

From the Owen Circuit Court. *Reversed.*

*Cavins & Cavins, Willis Hickam* and *Davis & Moffett,* for appellant.

*William Rude, Fowler & Spangler, James B. Wilson* and *John C. Robinson,* for appellee.

ROBINSON, J.—Appellant sued appellee for damages for an alleged libel. Upon issues formed, a trial resulted in appellee's favor. The errors assigned are that the court erred in overruling the respective demurrers to the amended second and the third paragraphs of answer, and in overruling appellant's motion for a new trial. A demurrer was sustained to the first paragraph of answer. The transcript recites that a demurrer was filed to the amended second paragraph of answer, and that it was overruled, but we are not informed of the grounds of demurrer, nor is the demurrer itself copied into the record. In this condition of the record, no question is presented by this assignment of error.

The alleged libel consisted of a letter written by appellee to one McNaught, as follows: "One word with you which I hope will be confidential. If the Haltom note you spoke of is in the hands of a jack-leg lawyer here, would advise you to call it in at once, or you may lose it entirely, while, if Mr. Haltom is let alone, and not tantalized by him, he will do what is right. Your money is a great deal safer in Mr. H's hands than in the aforesaid J. L. L. I know whereof I speak. I have tried it. I say you may as well tear up, or put collection in the fire, and be done with them and this vexation," etc. It is averred that appellee by these words intended to, and did, charge that appellant was dishonest, and was guilty of embezzle-

ment. The amended second paragraph of answer was a plea of justification. The third paragraph of answer admits the writing and publishing of the letter set out in the complaint, and in addition avers, in substance, that appellee at the time was a farmer and miller, and that at and before said time he had had large business connections with one A. J. McNaught, who was a patron of his, and to whom he furnished large quantities of flour and other produce; that at said time there resided in Worthington one George O. Samples, appellant herein, "who pretended to be a lawyer," and "pretended to practice" the profession of law; that "said Samples had never made any preparation for the practice of law, was ignorant, designing, subtle and sly, and was regarded among his acquaintances where he resided as being crafty and unreliable, and was by reason thereof known and spoken of by a majority of all who knew him as being a jack-leg lawyer and shyster, and whose reputation for morality was bad." It is further averred that said McNaught held a note for $50 against one Haltom, and had sent the same to appellant for collection; that appellant as soon as he received said note "commenced tormenting, tantalizing, and vexing said Haltom, and threatening to sue him thereon, and thereby offended said Haltom," who told appellee that, if appellant further pressed him about said note he never would pay the same; that thereupon, "in view of the business relations between himself and said McNaught, and the duty he owed to said McNaught to keep him advised as to his own interests, and the interest that said defendant had in said McNaught as one of the customers of him, said defendant, and the interest that said defendant had in the business success of said McNaught, and honestly and in good faith, and upon probable cause, in-

tending to inform him of such facts as he, said defendant, was in possession of relating to said note, and the collection thereof, and without malice, gave to said McNaught the facts set forth in said letter, mentioned and set out in said plaintiff's complaint, which are true." This paragraph does plead the truth of the alleged libelous matter, but it does not aver that the language used in the letter was true in the sense imputed to it in the complaint. The sense imputed by the innuendo was that appellant was, among other things, dishonest, and was guilty of embezzlement. While an innuendo cannot change the natural meaning of language, yet in this case it was necessary to identify the person, and to explain the meaning of the words used, and their application. A plea of justification admits the innuendo, which this paragraph fails to do. Townshend on Slander & Libel (4th ed.), 215; *Downey* v. *Dillon*, 52 Ind. 442; *Hays* v. *Mitchell*, 7 Blackf. 117; *Ward* v. *Colyhan*, 30 Ind. 395; *Rodebaugh* v. *Hollingsworth*, 6 Ind. 339.

It is argued by appellee's counsel that the third paragraph of answer was good in bar of the action, as presenting facts showing that the letter complained of was a privileged communication; but with this view of the pleading we cannot agree. It does not appear that the letter was written in answer to a confidential inquiry, nor does the pleading show that the relationship between appellee and the one to whom the letter was addressed was one which the law deems confidential. It does not appear that they were related, or that they were intimate friends, but simply that they were acquaintances who had had business dealings with each other. See *Krebs* v. *Oliver*, 78 Mass. 239; *Count Joannes* v. *Bennett*, 87 Mass. 169. The letter does not appear to have been written in answer to any previous inquiry, but to have been

Samples *v.* Carnahan.

voluntarily written. And it has been said that, where the matter is not of great or immediate importance, interference may be considered officious and meddlesome, although, if the party had been applied to, it would clearly have been his duty to give all the information he could; and an answer to a confidential inquiry may be privileged, where the same information, if volunteered, would be actionable. See Odgers Libel & Slander (2d ed.), p. 204, *et seq.* We are unable to say that the matter mentioned in the letter was of such importance as to warrant the language used in the letter; nor can we say that the circumstances were such as reasonably imposed on appellee the duty to make such statements as those contained in the letter, although he may have believed he was writing the truth. As has been well said, "Although the defendant may feel sure that if he were in his neighbor's place, he should be most grateful for the information conveyed, still he must recollect that it may eventually turn out that in endeavoring to avert a fancied injury to that neighbor, he has really inflicted an undoubted and undeserved injury on the plaintiff." Odgers Libel & Slander (2d ed.), 216, and cases cited. Taking account of the circumstances under which the letter was written, the relation at the time existing between the appellee and the recipient of the letter, the nature of the matter about which the letter was written, and the language used in the letter, we cannot say that the letter was privileged.

There are averments in this paragraph proper to be considered in mitigation of damages,—among others, appellant's reputation as a lawyer, and his general character for honesty. There are averments in the paragraph which do not properly belong in it, but they do not make the pleading bad against a demurrer for want of facts.

Appellant has assigned as error the overruling of the motion for a new trial. The first reason assigned in the motion for a new trial questions the sustaining of appellee's motion to be allowed to take the burden of the issue, and open and close the evidence and argument. If this right was improperly given, it is by reason of certain averments in the third paragraph of answer. The amended second paragraph of answer, standing alone, would give this right; but if, with a plea of justification, there is an answer traversing some material averment or averments of the complaint, the burden of proving such averments is upon the plaintiff, and entitles him to open and close. It is averred in the complaint that the statements contained in the letter were falsely and maliciously made of and concerning appellant, intending thereby to charge that appellant was dishonest, and had violated his obligation as an attorney at law, and that by reason of such false and malicious statements appellant had been injured in his good name and reputation as an attorney. In this third paragraph of answer, as we have seen, appellee admits writing the letter mentioned in the complaint, and after setting out at some length the relation between the parties, and the circumstances under which the letter came to be written, avers that appellant pretended to be a lawyer, and pretended to practice law, and that he had never made any preparation for the practice of the law, and concludes as follows: "And, without malice, gave to said A. J. McNaught the facts set forth in said letter, mentioned and set out in said plaintiff's complaint, which are true." The construction to be given the closing part of this answer has been announced by the Supreme Court in the case of *Shulse* v. *McWilliams*, 104 Ind. 512. In that case a complaint alleged that the defendant had "falsely, maliciously, and slan-

derously" spoken to certain named persons, of and concerning the plaintiff, certain "false, malicious and slanderous words" (setting them out) imputing to plaintiff a want of virtue and chastity. An answer was filed, admitting the speaking of substantially the same words, stating what was said, and the circum-stances under which they were spoken, and then aver-ring: "The defendant avers that all the statements made by him, alleged in the complaint of the plain-tiff, were of and concerning such plaintiffs, but with-out malice." In discussing this answer the court said: "It will be readily seen that this answer does not confess and avoid the cause of action stated in appellee's complaint. On the contrary, it affirms facts which are utterly inconsistent with the truth of facts entering into and constituting a material ele-ment in appellee's cause of action. Such an answer is what is generally called an argumentative denial *pro tanto* of the complaint, and the burden of the is-sue formed by such denial is of course on the plain-tiff and gives her the right to open and close." The reasoning in the case last cited is applicable to the case at bar. But the answer contains other aver-ments denying a material allegation of plaintiff's com-plaint, although not in express words. The complaint proceeds upon the theory that by reason of the al-leged libel appellant had suffered damages in his spe-cial calling, which was that of an attorney at law. The very wording of the complaint limits the dam-ages claimed to damage to appellant's good name, rep-utation, and business as a lawyer. See Odgers Li-bel & Slander (2d ed.), 27, 67, and cases cited. If an answer does not make such an admission of the facts alleged in the complaint that the plaintiff would not be required to introduce any evidence in the first in-stance to entitle him to judgment, the plaintiff is en-

titled to open and close. If an answer denies, either directly or argumentatively, a material allegation in the complaint, although a justification may also be pleaded, the defendant has no right to open and close the case. *Kinney* v. *Dodge*, 101 Ind. 573; *Rahm* v. *Deig*, 121 Ind. 283; *McCormick, etc., Co.* v. *Gray*, 100 Ind. 285; *Rothrock* v. *Perkinson*, 61 Ind. 39; *Fetters* v. *Muncie Nat. Bank*, 34 Ind. 251, 7 Am. Rep. 225; *Baltimore, etc., R. Co.* v. *McWhinney*, 36 Ind. 436. Appellant sought in his complaint to recover because of special injury in the way of his profession as an attorney at law, and has pleaded such profession as a substantive and traversable fact. His complaint alleges that his business is that of an attorney at law. *Pollock* v. *Hastings*, 88 Ind. 248. The third paragraph of answer does not expressly deny this allegation, but it does deny it argumentatively. When appellee says in his answer that appellant was a pretended lawyer, and pretended to practice law, and that he had made no preparation to practice law, he is not admitting that appellant is a lawyer, but is placing the burden upon him of proving that fact. It cannot be said that, with the above allegations, this paragraph of answer either expressly or impliedly admitted the allegation in the complaint that appellant was a lawyer. It amounted to a denial *pro tanto* of the essential allegations of the complaint. For the error of the court in granting the appellee the right to open and close the case, the motion for a new trial should have been sustained. Judgment reversed, with instructions to sustain appellant's motion for a new trial.