## IRVIN v. RUSHVILLE COÖPERATIVE TELEPHONE COMPANY.

[No. 19,926. Filed December 16, 1903.]

TELEPHONES.—*Discrimination.—Rules.—Penalties.*—If it appears, in a suit for a penalty for failure to permit telephone service, that service was denied under a rule, duly promulgated, providing for a denial of service in such circumstances, the plaintiff can not recover if the rule is valid, unless he shows that it has not been impartially applied. *pp. 528, 529.*

SAME.—*Discrimination.—Rules.—Indebtedness to Company.—Set-Off.*—A telephone company may enforce a rule requiring monthly payment of its current dues and tolls by denying service until bills are paid, although the patron has an independent claim or demand against the company. *pp. 529–532.*

SAME.—*Discrimination.*—In an action against a telephone company to recover the penalty provided by §5529 Burns 1901 for failure to furnish telephone facilities because plaintiff had not paid certain tolls and charges, an averment in the complaint that thirty-five other patrons of the company "were in like situation with the plaintiff" is a mere conclusion, and is insufficient to show discrimination, it not being shown that the delinquent patrons refused to pay. *p. 532.*

APPEAL AND ERROR.—*Briefs.—Failure to Argue Point Raised by Appellant.*—While the failure of an appellee to brief a cause may be treated as a confession of error, it does not follow that mere failure to argue a point which he believes to be without merit must lead to a reversal. *pp. 532, 533.*

From Rush Circuit Court; *M. E. Forkner*, Special Judge.

Action by Arthur B. Irvin against the Rushville Co-operative Telephone Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*S. L. Innis, G. W. Morgan, Reuben Conner, Lon Conner* and *A. B. Irvin*, for appellant.

*B. L. Smith, Claude Cambern* and *D. L. Smith*, for appellee.

GILLETT, C. J.—Action by appellant in ten paragraphs, to recover ten penalties of $100 each, under the provisions

of §§2, 3, Acts 1885, p. 151, §§5529, 5512 Burns 1901.
A demurrer was sustained to each of said paragraphs, and
there was a final judgment that appellant take nothing by
his action, and for costs.

The eleventh paragraph of complaint is of a representa-
tive character, and an exhibit of that will therefore suffi-
ciently show what is alleged.    Said paragraph, omitting
the prayer, is as follows: "That the defendant is an in-
corporated telephone company, duly incorporated under
the laws of the State of Indiana authorizing the incorpo-
ration of telephone companies, and that it is now, and has
been for more than eight years past, engaged in carrying
on a general telephone business in the city of Rushville,
Indiana; that said company, at the time of its organiza-
tion, adopted the plan of allowing patrons who desired tele-
phone service to become stockholders in the company, to
purchase and own their own telephones, and to purchase
and own their own wires leading from the location of their
said telephones over the pole lines of the defendant to its
exchange, and to pay a rental at the end of each month of
a sum sufficient to pay the operating expenses of said com-
pany; that under this arrangement the plaintiff purchased
and paid for one share of stock in said company, purchased
a first-class telephone, and also paid for a line of wire
leading from said telephone, which was and is located in
plaintiff's dwelling on North Main street, in said city of
Rushville, and within the local limits of said telephone
business, to the switchboard of the defendant in said city;
that on the 20th day of July, 1898, he had said telephone
and line in good working order and connected as aforesaid;
that he had always complied with the reasonable regula-
tions of said company, and that on said 20th day of July,
1898, he called up the exchange of the defendant and de-
manded that he be connected with number twenty-nine,
which was the line leading from said defendant's switch-

board to plaintiff's said telephone, which said defendant unlawfully and wrongfully refused to do; that more than two years before the happening of the grievances hereinafter complained of the defendant, by its board of directors, had adopted a rule or by-law which reads as follows, to wit: '13.    All moneys due this company or its toll-line connections shall be payable at the office of the secretary on or before the 5th day of the month succeeding the maturity of such indebtedness, and if not paid on or before said date, the service of such delinquent shall be discontinued until such indebtedness is fully paid.'    That said rule or by-law was never enforced by the defendant; that the patrons of said company did not pay the tolls, dues, and demands that the several patrons of said company owed said company at the office of the secretary of said company in compliance with the provisions of said rule, but, on the contrary, said company allowed said rule to remain unenforced, and at no time has said company enforced the same; that on said 20th day of July, 1898, the defendant was justly indebted to the plaintiff in the sum of $1.50, and he owed said company on account of rent and tolls the sum of $1.05, leaving defendant owing him, after deducting said rent and tolls, the sum of forty-five cents; that long after said telephone service had been refused the plaintiff, as hereinbefore stated, the defendant gave as a reason for refusing said telephone service that the plaintiff had not paid the rent and tolls he owed said company, but at the time said telephone service was refused the defendant gave no reason for refusing said telephone service; that at the time he was refused telephone service, as hereinbefore stated, thirty-five other patrons of the defendant, who were in like situation with the plaintiff, except that the defendant did not owe them, or any of them, any amount, were delinquent and in arrears in the payment of rent and tolls that each of said thirty-five patrons then owed the defend-

ant, and had been in arrears in the payment of said tolls
and rents from and beyond the time of the maturing of
the indebtedness of $1.05 from the plaintiff to the defend-
ant hereinbefore mentioned; that the defendant did not
refuse said thirty-five patrons, or any of them, who were
in arrears in the payment of their respective rents and
tolls, as hereinbefore stated, telephone service, but, on the
contrary, continued to render each of said thirty-five de-
linquent patrons telephone service, though each of said
thirty-five patrons remained delinquent and failed to pay
what they each owed said company for more than twenty
days after the plaintiff had been refused telephone service
as aforesaid, though demands had been made upon them
for the payment of said dues; but plaintiff expressly avers
that the defendant unlawfully and wrongfully discrimi-
nated against the plaintiff, and refused to render him tele-
phone service, as hereinbefore stated."

On a former appeal of this case, where there had been
a recovery on each of the first ten paragraphs of complaint,
which were afterwards dismissed, it was held by the Ap-
pellate Court that said by-law or rule number thirteen was
valid, and that appellee was not obliged to yield such pro-
vision or incur the statutory penalty in case it could be
proved that appellant had a set-off greater than the amount
of the delinquent rental. *Rushville Coöperative Tel. Co.
v. Irvin,* 27 Ind. App. 62. Much of the effort of appel-
lant's counsel on this appeal has been to show that the
cause of action has been so changed that the decision of
the Appellate Court above referred to is not the law of
the case. It is claimed that the present complaint is based
on an unlawful discrimination. It is further claimed that
the question as to the reasonableness of said by-law or rule
was not presented to the Appellate Court, and that therefore
appellant is not bound by its decision upon that point. In
the latter insistence counsel impliedly forget the announced

theory of their complaint, but we prefer to put our decision on a broader basis.

Section 5529 Burns 1901 is as follows: "Every telephone company with wires wholly or partly within this State, and engaged in a general telephone business, shall within the local limits of such telephone companies' [*sic*] business supply all applicants for telephone connections and facilities with such connections and facilities without discrimination or partiality, provided such applicants comply or offer to comply with the reasonable regulations of the company; and no such company shall impose any conditions or restrictions upon any such applicant that are not imposed impartially upon all persons or companies in like situation, nor shall such companies discriminate against any individual or company engaged in any lawful business, or between individuals or companies engaged in the same business, by requiring as a condition for furnishing such facilities that they shall not be used in the business of the applicant, or otherwise for any lawful purpose."

The claim is made on behalf of appellant that his complaint states a cause of action within the following words of said statute, "nor shall such companies discriminate against any individual or company engaged in any lawful business." It is not shown by allegation that there has been any discrimination against the business of appellant, and therefore he has not brought himself within the clause of the statute last quoted. Whether he complains of the failure to furnish him connections or facilities, or of the imposing of a condition or restriction upon him that is not imposed impartially upon all persons in like situation, it is evident that to recover he must either successfully assail the reasonableness or operation of the by-law or rule, or show that it was not impartially applied to all similarly situated. The statute travels on the assumption that telephone companies may make reasonable rules. Appellant

does not allege that the by-law or rule in question was not promulgated, or that he did not know of it, and we incline to the opinion that the complaint states such facts relative to the mutual character of the corporation that it may be said that the provision was in the nature of a legislative act, passed by the corporation for the government of its members, that appellant was bound to take notice of. *Mason v. Mason,* 160 Ind. 191, and cases there cited; Thompson, Corporations, §939.

It is further to be noted that the complaint is so drawn that it is open to inference that appellee had warned appellant before the service was denied him that it would enforce the by-law or rule against him as a consequence of his refusal of payment, and it may also be inferred that he was denied service for the reason that he had not complied with the regulation mentioned. The allegation of the complaint that at no time has the company enforced the rule was evidently inserted by the pleader by way of antithesis to the preceding charge that the rule had not been enforced against other patrons who were in default. This view is borne out by the following statement of counsel for appellant in their brief: "The thing we complain of in this case is that the rule was unreasonably applied against the appellant; that under it the appellee refused appellant telephone service when he did not owe it a cent under the rule." If a corporation authorized to establish and promulgate a rule as a condition to furnishing service has done so, and a patron is charged with notice of the rule, and also of the fact that he has violated it, the corporation may refuse him service for such reason without informing him at the precise time of its refusal as to its reason therefor, but the corporation would not, of course, be permitted to bring its rule forward as a mere afterthought. When it is shown that the corporation in a case of this kind has acted under a rule, thereby suggesting a colorable defense,

it is required that the plaintiff should allege facts avoiding the operation of the rule. See *Morgan* v. *Lake Shore, etc., R. Co.,* 130 Ind. 101. The mere fact that appellee had not enforced its by-law or rule against third persons before that time does not alone furnish a reason why it should not be revived as against appellant. . As before observed, for aught that appears in the complaint he may have been fully apprised in advance of the consequence of his refusal to pay. We are not at present dealing with the subject of discrimination. We shall consider that point hereafter.

The cases cited by appellant's counsel to the effect that corporations engaged in the performance of a *quasi* public function, as in the furnishing of light, water, or gas, can not, by the enforcement of their rules, preclude the courts from an examination into the facts, are not in point. In this case no question is involved growing out of the relation of the parties as telephone company and patron. The appellee, it may be inferred, had rendered perfect service, and had in all respects complied with its agreement with appellant as its patron, and it is admitted that appellant's indebtedness to it had matured. What appellant asserts is that he has an independent claim against appellee sufficient to extinguish the latter's claim, and that the company must continue to furnish him service, and go into court as a suitor if it desires to collect its bill, or at its peril defend suits for penalties which might be accumulated *ad infinitum.* It will be observed that it is not alleged that the company is insolvent, and that it does not appear that the company is not in good faith disputing the validity of appellant's claim to a set-off. Considering the *quasi* public functions of corporations like the one at bar—corporations whose first duty is to the public whom they serve—we think that their revenues should not be depleted by the furnishing of service to individuals who

refuse to pay because they are asserting collateral demands against it.

In the course of the opinion by the Appellate Court on the former appeal of this cause (*Rushville Coöperative Tel. Co. v. Irwin,* 27 Ind. App. 62) it was said: "It can not be denied that a rule of the company requiring these monthly payments to be made in advance would have been a reasonable rule, and that upon refusal so to pay service could be denied. The company must protect its plant and keep up its efficiency, and may enforce a rule that insures a reasonable revenue and its prompt receipt. It can maintain an efficient service only through prompt payment of its dues and tolls, and because of that fact it may use the summary remedy of denying service for nonpayment. It can not be said it may be denied the benefit of this rule because a patron claims the company is indebted to him. It can not be required to stop and adjudicate claims held against it. The law compels it to furnish service, a patron may take service or not as he chooses. It must furnish efficient service to all alike who are alike situated, and must not discriminate in favor of or against anyone. The law holds the company to these requirements strictly. For failure, the extraordinary remedies of mandamus and injunction may be successfully invoked. It may be said that the courts are open to the company to collect its claim, but as to this the company and the patron are on an equal footing. The fact that the patron is solvent aids nothing in determining a rule which must apply to solvent and insolvent patrons alike. Keeping in view the nature of the company's duties, and the services it may be compelled to render, it must be held that the company may enforce the payment of its current dues and tolls by the summary remedy of denying service regardless of the fact that the subscriber claims the company is indebted to him."

The right of set-off as to independent demands having in them no element on which to base a claim of equitable

intervention is statutory (Boil v. Simms, 60 Ind. 162, 168; Pomeroy, Code Remedies (3d ed.), §729; 25 Am. & Eng. Ency. Law (2d ed.), 489; Waterman, Set-Off (2d ed.), §§9, 12, 13, 16. See Wills v. Browning, 96 Ind. 149, 151), and whatever may be the effect of a set-off when allowed by the court, we deem it clear that in an action for the enforcement of a penalty the plaintiff will not be allowed to draw in issue a claim of set-off on his part. In the circumstances of this case it appears that if neither party will yield, a resort to the law is practically the only remedy, and we think that appellant should be content with the opportunity to assert his independent demand in a purely civil action.

As to the claim of discrimination, the statement of the complaint that thirty-five other patrons of the company "were in like situation with the plaintiff" is a mere conclusion. So far as averment goes, they are only shown to be in default; it is not shown that they refuse to pay.

It is contended that the action of appellee deprives appellant of property without due process of law. He has not been deprived of his tangible property or of his stock, and, as to the deprivation of telephone service, that has been brought about by his violation of a rule which we hold valid. He may regain his right by paying the rental up to the time service was denied him, and complying with such lawful conditions as the company has established. As to his own demand, he was at liberty to resort to the courts. This case differs essentially from the case of Indiana, etc., Gas Co. v. State, ex rel., 158 Ind. 516, 57 L. R. A. 761, where it was claimed that a public corporation had unlawfully discriminated against an individual, and thereby denied to him the equal protection of the laws.

While this court asserts, and has exercised, the right of treating the failure upon the part of an appellee to brief a cause as tantamount to a confession of error, yet it does not follow that the mere refusal of appellee's counsel to

argue a point that they apparently believe to be without merit must lead to a reversal. On the contrary, where the neglect of appellee's counsel has not been so flagrant as to demand a reversal as a measure of protection to the court on appeal, the rule is not to reverse except for actual error. See *Martin* v. *Martin,* 74 Ind. 207; *Big Creek Stone Co.* v. *Seward,* 144 Ind. 205; *Travelers Ins. Co.* v. *Prairie School Tp.,* 151 Ind. 36; *Wilson* v. *State,* 156 Ind. 631.

Judgment affirmed.