## WITHERS v. FORT WORTH GAS CO.
### (No. 9881.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 10, 1921.)

**1. Appeal and error ⬳694(1)—In absence of statement of facts in record, findings of trial judge conclusive.**

Where no statement of facts was brought up with the record, the findings of trial judge are conclusive.

**2. Gas ⬳13(6)—Company's rule for cutting off gas for refusal to pay bills reasonable.**

The rule that a gas company has the right to cut off the gas for refusal to pay bills when due is reasonable, especially when, by contract between the company and the consumer, the company is given that right and the meter measurement is made the test of the amount of gas consumed, and the meter is of proper construction and has been kept in proper working order.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit for injunction by the Fort Worth Gas Company against V. F. Withers. Injunction granted, and defendant appeals. Affirmed.

G. R. Lipscomb and C. R. Kinchen, both of Fort Worth, for appellant.

Slay, Simon, Smith & Morris, of Fort Worth, for appellee.

DUNKLIN, J. This suit was instituted by the Fort Worth Gas Company, operating under a franchise granted by the city of Fort Worth, Tex., against Mrs. V. F. Withers, one of its patrons, to restrain her from preventing plaintiff from cutting off the supply of gas which it has been furnishing to her. In addition to a prayer for a judgment perpetually restraining her from the acts complained of, plaintiff also prayed and secured a temporary writ of injunction, granting that relief pending a trial of the case on its merits, and from that order the defendant has appealed.

The temporary writ of injunction granted upon a consideration of plaintiff's verified petition, defendant's verified answer and evidence introduced, after the application for the temporary writ was first set down for hearing and after due notice of the hearing had been given to both parties, and both parties appeared at the hearing.

The trial judge filed his findings of fact and conclusions of law, which are as follows:

"(1) The plaintiff, Fort Worth Gas Company, has for several years been engaged in the distribution of natural gas in the city of Fort Worth under an ordinance and contract with said city, fixing the rate to be paid for said gas at 67½ cents per thousand cubic feet, and providing further that the quantity of gas used by each consumer shall be determined by the use of gas meters, which the plaintiff has had installed.

"(2) The defendant, Mrs. Withers, has been a customer of the Fort Worth Gas Company since some time in the year 1912; during that time the company had promulgated and had in force, among others, a rule applicable to all consumers alike, which provides in substance that the gas supply of each consumer may be cut off by the plaintiff for the nonpayment of bills when due for gas consumed, and that the plaintiff's agents should have access to the premises of the consumer for that purpose, and to remove the meter therefrom, and the defendant during this time had actual knowledge and constructive notice of this rule.

"(3) For several years past the plaintiff had in force in the city of Fort Worth the said rule providing for the payment of gas bills at the end of each month according to meter readings; the rule provided that the quantity of gas consumed should be determined by the use of a meter installed on the premises by plaintiff. Under said rules defendant made application to plaintiff to install a meter in her house at 418 South Adams street, and at the time she made said application she knew of the existence of said rule, and it was contemplated and understood between plaintiff and defendant at the time of the installation of said meter and thereafter that the quantity of gas consumed should be determined by means of said meter, and that if same was not paid for according to the meter readings when due, conditioned that said meter registered the amount of gas correctly, plaintiff had the right to and would be permitted to disconnect the premises and discontinue the furnishing of said gas, and remove the meter from the premises.

"(4) There is no other means of determining the quantity of gas used except by meter.

"(5) The gas company presented to the defendant regular monthly statements of the amount of gas consumed, based upon the meter readings from the 27th day of November, 1920, up to and including the 20th day of April, 1921. The defendant refused to pay any of these statements upon presentation, save and except that for March in the sum of $9.45; defendant assigning as her refusal to pay said bills that same were excessive and unjust, and she is now due the plaintiff the sum of $101.93, which she refuses to pay, and she has not paid or offered to pay for additional gas consumed since that time, still claiming that such bills are incorrect, excessive, and unjust. The meter readings are correct, and the meter correctly registered the amount of gas that passed through it, and defendant used the quantity of gas showed by the meter readings.

"(6) After due notice and refusal to pay, the plaintiff cut off the defendant's gas supply because she was in arrears and refused to pay, and the defendant turned the gas on again and nailed or locked the door through which plaintiff had access to its gas meter, and when plaintiff's agent and employés cut off the gas supply the second time the defendant turned it on again in the presence of such employés, and warned them, through threats, which she intended to execute, of doing them great bodily harm, not to cut the gas off again, and such

employés, because of the belief and fear that the defendant would carry out her threats, made no further effort to cut off the gas supply.

"(7) The defendant as a customer of the plaintiff was given to bickering and complaining about various matters pertaining to the distribution and the consumption of gas, and on two or three occasions her gas supply was cut off for nonpayment of bills, and she was in fact a disagreeable, undesirable, and unsatisfactory patron.

"(8) From the facts in this case plaintiff at the time it sought to discontinue furnishing gas to the defendant had reasonable grounds to suspect and believe that, if it continued to furnish said gas, same would not be paid for by the defendant, and that defendant would continue to disregard the rules of the company.

### Conclusions of Law.

"The rule of the Fort Worth Gas Company, providing for cutting off the gas for refusal to pay bills when due is a reasonable rule, and plaintiff had the right to enforce said rule by cutting off the gas and removing the meter when the defendant failed and refused to pay for the gas she used, as shown by the meter readings.

"Plaintiff under the facts is entitled to the injunction as prayed for in its petition, to which findings the defendant excepts."

[1] No statement of facts has been brought up with the record; hence the findings of fact by the trial judge are conclusive.

[2] The conclusion stated that the rule established by the plaintiff to cut off the supply of gas to a consumer upon his refusal to pay for gas previously furnished is a reasonable one, is supported by practically all the authorities, speaking generally. 2 Thornton on Oil & Gas, § 623, and decisions there cited; also Irvin v. Rushville Telephone Co., 161 Ind. 524, 69 N. E. 258; Shiras v. Ewing, 48 Kan. 170, 29 Pac. 320; Commonwealth v. Philadelphia, 132 Pa. 288, 19 Atl. 136. And especially is this true when by contract between the company and the consumer, either express or implied, the company is given that right and the meter measurement is made the test of the amount of gas consumed, and the meter is of proper construction and has been kept in proper working condition. Seattle Ry. Co. v. Power Co., 63 Wash. 639, 116 Pac. 289; Cassells v. Alabama City, etc., 198 Ala. 250, 73 South. 494; Irvin v. Rushville Tel. Co., 161 Ind. 524, 69 N. E. 258.

But some authorities are to the effect that if there is a contention on the part of the consumer, based on apparently reasonable grounds, that there has been an overcharge by the gas company, his supply of gas may not be shut off in advance of a judicial determination of the correctness of that contention. Wood v. Auburn, 87 Me. 287, 32 Atl. 906, 29 L. R. A. 376; 2 Thornton on Oil & Gas, § 633.

But the authorities last cited are not applicable in the present suit in any event, even if they announced a correct rule, since the court has found, after hearing the evidence, that the charges made by the company and for the nonpayment of which it sought to cut off appellant's gas supply, were just and correct; and there is an absence of any statement of facts to show that the finding was contrary to the facts proven. The only conclusion to be drawn from that finding and the granting of the temporary writ is that appellant made no reasonable showing that she could, on final trial, probably prove her contention that she had not used the amount of gas shown by the meter.

Appellant has cited Wood v. Auburn, 87 Me. 287, 32 Atl. 906, and other authorities to sustain her further contention made here that, even though the company has the right to shut off the gas for failure to pay past due tolls, yet its acceptance of the charges for the month of March was a waiver of the right theretofore existing to discontinue its service by reason of appellant's failure to pay the charges arising prior to the month of March. We do not hold that circumstances might not be such as to constitute a waiver. It is unnecessary for us to determine whether or not the decision in the Maine case, just cited, is sound, since the same is not applicable in the present suit because (1) the defendant filed no plea of waiver in the trial court, but in her answer resisted plaintiff's demand on the sole ground that the unpaid charges were excessive, and (2) the findings of the trial court show that she had defaulted in the payment of the charges for the month ending April 20th, which was one month later than the month of March, for which she had paid. Even though it could be said, but as to which we express no opinion, that by accepting payment for gas consumed during the month of March, plaintiff waived its right to cut off the gas for nonpayment for gas consumed during prior months, yet such waiver would not apply to plaintiff's right to discontinue service for failure to pay the April bill.

For the reasons noted, the judgment of the trial court is affirmed.