STATE v. TRI-STATE TELEPHONE AND TELEGRAPH COMPANY.
R. W. KROHN AND OTHERS v. SAME.
CITIES OF ST. PAUL AND SOUTH ST. PAUL, INTERVENERS.[1]

December 27, 1940.

No. 32,445.

[1]Reported in 295 N. W. 511.

*John T. Kenny, Lewis E. Lohmann,* and *Henry W. Volk,* for appellants.

*C. B. Randall, Ralph A. Stone,* and *Tracy J. Peycke,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Pursuant to an investigation of the reasonableness of all schedules of exchange rates and charges maintained and collected by the Tri-State Telephone and Telegraph Company in the St. Paul metropolitan exchange area, the railroad and warehouse commission on March 31, 1936, made an order reducing the then rate schedules by approximately 25 per cent. Its order was affirmed by the district court May 21, 1937. The district court judgment was affirmed by this court February 24, 1939. State v. Tri-State Tel. & Tel. Co. 204 Minn. 516, 284 N. W. 294. Pending the appeals, defendant procured a stay order, for which it gave a bond to secure its conditions, enjoining enforcement of the commission's order until final determination by this court. Upon remittitur, the district court made a supplemental order and decree which required the company to pay back all sums paid by the subscribers in excess of the sums authorized to be charged for such service by the Minnesota railroad and warehouse commission subsequent to May 31, 1936, and prior to the effective billing dates on and after June 1,

1939, together with interest on each payment for such service at the rate of six per cent per annum from the date of payment.

Under both the old and the new schedule of rates, a discount of fifty cents was allowed to each subscriber whose bill was paid before a fixed date each month. Appellants and other subscribers at times during the three-year period (June 1, 1936, to June 1, 1939) failed to pay their bills before the discount date, and therefore were not allowed the fifty-cent reduction. They instituted suit for the recovery of the discounts not accorded them during the three-year period, claiming (1) that the discounts are a part of the excess payments ordered repaid by the original judgment and supplemental decree; and (2) that the subscribers, by paying at the old rates during the three years involved, made overpayments which should have been set off against subsequently accruing bills, thereby entitling them to discounts for prompt payment of succeeding months' bills. The action was consolidated with and made a part of the original proceedings. The trial court found:

"1. That between June 1, 1936, and June 1, 1939, the overpayments upon telephone charges to the defendant were in no instance applied in fact or in effect to the payment of subsequent accruing telephone bills of any of the subscribers.

"2. That while the litigation was pending it was neither practicable nor expedient for the defendant company to apply the overpayments upon telephone charges as gauged by the excess of the bills rendered over and above the amounts authorized by the March 1, 1936, order to the payment of subsequently accruing telephone service charges.

"3. There was no equitable duty on the part of the defendant company to apply the amount of said overcharges to subsequently accruing telephone charges prior to June 1, 1939."

It concluded that the suit was not maintainable. The appeal is from the order denying plaintiffs' claims.

■ In support of their first point, appellants argue that in paying the old rates with penalties during the three-year period they

paid charges greatly in excess of the new net rates authorized by the commission's order which was finally sustained by the court. They contend that the excess referred to in the judgment and supplemental decree includes everything paid over and above the new net rate; that it embraces the difference between the new net rate and the old net rate and includes the discounts or penalties which were added to and became a part of the old net rates. Paragraph 4 of the judgment reads:

"The company is required to refund to the telephone subscribers forthwith all sums charged said subscribers for telephone service on and subsequent to June 1, 1936, in excess of the sums authorized to be so charged by the Minnesota Railroad and Warehouse Commission."

The supplemental order provides that every telephone subscriber who was charged for service subsequent to May 31, 1936, and prior to the effective billing dates on and after June 1, 1939, "is entitled to be paid back all sums paid by said subscriber in excess of the sums authorized to be charged for such service by the Minnesota Railroad and Warehouse Commission * * * together with interest on each payment for such service at the rate of six per cent per annum from the date of payment."

It does not appear that the claim now made was presented to or considered by the trial court in the original proceedings, nor did these appellants in their complaint plead that their failure to pay within the prescribed discount period was occasioned by the fact that they were billed at the old rate, or that they would have paid within the period if they had been billed at the new lower rate. The discount provision was authorized in both the old and the new schedules.

Neither the judgment nor the supplemental decree requires the repayment of these items. It is clear that it was not intended that defendant be required to pay interest on the excess payments and to refund the penalties. The excess has been refunded with interest, and that is all that is required. There is no merit to the claim

that the penalties constitute a part of the excess contemplated by the judgment and decree.

■ Equally untenable is the argument that the subscribers are entitled to offset the overpayments against subsequently accruing telephone bills during the period of litigation pending a final determination of the matter by the court. Aside from the impracticability of the plan proposed by appellants, there are well recognized legal principles barring a recovery of the discount items here sought. The order and bond staying the operation of the new rate schedule pending the appeals required the company to keep intact the amount of the difference between the charge authorized by the old schedule and that authorized by the new one, and, if the commission's new order should be sustained by the court, as it was, to repay each such amount to the subscriber with legal interest thereon from the date of each payment.

The imposition of the legal rate of interest is, under our statute (2 Mason Minn. St. 1927, § 7036), in lieu of all other damages. Brown v. City of Pipestone, 186 Minn. 540, 541, 245 N. W. 145; Mason v. Callender, Flint & Co. 2 Minn. 302 (350), 72 Am. D. 102.

Appellants concede that they have been repaid all amounts charged in excess of those authorized by the new rate schedule with interest. They cannot now be heard to claim that those same amounts should have been applied on bills subsequently accruing. So to hold would be to nullify the effect of the stay order, bond, judgment, and supplemental decree heretofore entered in these proceedings. State v. Tri-State Tel. & Tel. Co. 204 Minn. 516, 284 N. W. 294.

At no time until the litigation was terminated did a subscriber have a matured credit against the company which could be applied against an obligation due from him to the company. Milliken v. Mannheimer, 49 Minn. 521, 52 N. W. 139. A party cannot avail himself of a matter as a setoff unless it is a legally subsisting cause of action in his favor upon which he could maintain an independent action. 57 C. J. p. 387. See also Central Louisiana Power Co. v. Thomas, 145 Miss. 352, 110 So. 673, 111 So. 142, P. U. R.

1927B, 654; Rushville Coöp. Tel. Co. v. Irvin, 27 Ind. App. 62, 59 N. E. 327, affirmed, 161 Ind. 524, 69 N. E. 258.

It is not shown that appellants ever requested or expected the company to apply the excess payments upon accruing bills, or that the company did so apply them. Whether a transfer of money or other thing will operate as payment of a debt is determined by the intention of the parties. It must be received as well as paid in satisfaction of the debt. In re Receivership of Schanke & Co. 201 Iowa, 678, 685, 207 N. W. 756; State Bank v. Turpen, 47 Wyo. 284, 34 P. (2d) 1; Hutchings v. Securities Exch. Corp. 287 Mich. 701, 284 N. W. 614.

We agree with the view of the trial court that the rights of the parties are fixed by the judgment and supplemental decree, and we find nothing inequitable in the rejection of the present claim.

The order appealed from is affirmed.

MR. JUSTICE STONE and MR. JUSTICE PETERSON took no part in the consideration or determination of this case.

[1]Reported in 295 N. W. 514.