INDIANA & MICHIGAN ELECTRIC CO. *v.* SOUTHERN WELLS

SCHOOL BLDG., CORP., ET AL.

[No. 770S154. Filed February 29, 1972.]

*David B. Keller, Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder,* all of Fort Wayne, for appellant.

*Edris, Edris and Dale,* of Bluffton, for appellees.

HUNTER, J.—This is an appeal by Indiana & Michigan Electric Company, appellant (defendant below) from the granting of a preliminary injunction to the appellees, Southern Wells School Building Corporation and Southern Wells Community Schools.* Appellant was enjoined from discontinuing the electrical power supply to the Southern Wells junior-senior high school.

In 1964, while the school building was still being designed, the appellees studied different methods of heating. They conferred with appellant about installing a total electric power supply for the school and appellant gave appellees a written guarantee based on "Tariff P.S.O." which was attached, stating that the total electric power costs would not exceed the established estimate by more than ten percent. The appellees then decided upon the total electric heating system. Less than one year later the Public Service Commission approved a "Tariff E.H.S." with a rate higher than ten percent of the guaranteed rate. Apparently the appellant charged the higher

---

* This case was transferred and re-assigned to this office on January 24, 1972.

rate and the appellees paid an amount each month which was ten percent above the guaranteed rate. Finally, on May 26, 1970, appellant served notice on the appellees that unless the current unpaid balance was paid within five days, the electric service would be discontinued.

Appellees then sought a temporary restraining order to enjoin appellant from discontinuing the service which was granted on June 2, 1970. A hearing was held and the temporary restraining order was continued as a preliminary injunction. The appellant has appealed from this decree of the trial court.

We need not reach the merits of this case as it is clear the appellees had an adequate remedy at law; this being the case the injunction should never have issued. Appellees contended there would be irreparable damage if the electricity were discontinued and most likely this would have been so. However, there was no showing that present funds were not available to pay the contested amount. Appellees could then pay the electric bill in full and bring an action to recover the alleged overcharge. In the case of *State, ex rel. Goodwine* v. *Cadwallader* (1909), 172 Ind. 619, 87 N. E. 644, the owner of a telephone exchange sought a writ of mandamus to compel the owner of another telephone exchange to provide service to plaintiff's exchange. The defendant refused on the ground that plaintiff had not fully paid the amount due from previous services. The Court there stated:

> "Relator discloses that the reason for refusing the service was a dispute between the parties over a question of indebtedness. Even if it were an individual matter between the parties, we think relator has mistaken his remedy. In order to invoke the extraordinary remedy of mandamus, he must have been without other adequate and efficient remedy. Being engaged in a quasi-public occupation, there is all the more reason why his duty to the public should not be a diminished one . . . [W]e *think that it was the clear duty of relator to pay under protest the demand made upon him, then seek an adjustment of the matter by the ordinary proc-*

*ess of law, and thus avoid this controversy."* 172 Ind. at 642, 87 N. E. at 652. (our emphasis)

The Court then states in its opinion overruling a petition for rehearing:

> "To hold otherwise would, in effect, leave public service agencies to continue indefinite and forced service, and be compelled to maintain perhaps interminable and unlimited actions for their compensation, and this the policy of the law does not demand. The public has such an interest that efficient and prompt service, undiminished by depleted revenues, should be maintained." 172 Ind. at 645, 89 N. E. at 319.

The situation in that case is quite similar to the one at bar. The dispute between the parties is over an alleged indebtedness and the parties are of a public or quasi-public nature. Although mandamus was sought in that case and an injunction is sought in the instant case, the effect of the relief sought is identical. In *Cadwallader*, the plaintiff sought to have the telephone service continued while in the instant case the plaintiff seeks to have the electrical service continued. Contained within the terms of the agreement in this case is the right of appellant to terminate the service of any customer indebted to it upon five (5) days written notice. Such a right is recognized by the rules of the Indiana Public Service Commission. It has also received judicial recognition:

> "The [telephone] company must protect its plant and keep up its efficiency, and may enforce a rule that insures a reasonable revenue and its prompt receipt. It can maintain an efficient service only through prompt payment of its dues and tolls, and because of that fact it may use the summary remedy of denying service for nonpayment." *Irvin* v. *Rushville, etc., Tel. Co.* (1903), 161 Ind. 524, 531, 69 N. E. 258, 261.

A public utility company is prohibited by law from charging discriminatory rates, see IC 1971, 8-1-2-4, 8-1-2-68 and 8-1-2-

105 (Ind. Ann. Stat. §§ 54-201, 54-423, 54-704) but such is not the basis of this suit. The contention here is a breach of contract, and possibly misrepresentation. In order to prevent the loss of electric service the appellees should pay the alleged overcharges under protest and subsequently bring an action at law against the appellant. Having an adequate remedy at law the use of an injunction is unnecessary and should not be allowed.

For the foregoing reasons the judgment of trial court is reversed and this case is remanded to the trial court with instructions to vacate its decree granting the injunction.

Judgment reversed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 228.