Filed Dec. 14, 1893.

———————◆———————

No. 16,492.

PALMER v. ADAMS.

LIBEL.—Answer, Sufficiency of.—Justification.—To a charge of libel, an answer admitting the publication of the article alleged to be libelous, but justifying the publication on the ground that the facts therein contained are true, is good and sufficient.

SAME.—Burden of Proof.—Open and Close.—In such case, the burden of the issue was on the defendant, and he was entitled to open and close the evidence and the argument on the trial of the cause.

From the Daviess Circuit Court.

*W. A. Cullop, C. B. Kessinger, J. H. O'Neall* and *W. Heffernan*, for appellant.

*G. G. Reily* and *J. W. Emison*, for appellee.

COFFEY, J.—This was an action commenced in the Knox Circuit Court and sent, on change of venue, to the Daviess Circuit Court. The action is based upon an al-

Palmer *v.* Adams.

leged libelous article published in a newspaper in Knox county.

The article in question was preceded by the following headlines in large capital letters:

"KIDNAPPED THE GIRL."

"A thirty-five year old masher spirits away a fifteen year old girl. Reward offered for the capture. A school girl stolen."

The article following these headlines purports to give an account of an elopement of the appellant with one Pearlie Wolfe, a school girl fifteen years of age, the appellant at the time being about thirty-five years of age. To the complaint, based upon this article, the appellee filed the following answer:

"The defendant, for answer to the complaint, herein admits the publication of the article set out in the complaint, and therein described; and defendant says that on the 3d day of March, 1890, at the county of Knox, and State of Indiana, the plaintiff herein did fraudulently and unlawfully decoy said Pearlie Wolfe from her place of residence in Knox county, Indiana, not in pursuance of the laws of the State of Indiana, nor of the United States, and the article so published was a history of said acts of said plaintiff, and none other."

A demurrer, addressed to this answer, was overruled by the court, to which the appellant excepted.

A trial of the cause by jury resulted in a verdict for the appellee, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of error calls in question the correctness of the rulings of the circuit court in overruling the appellant's demurrer to the above answer and in overruling his motion for a new trial.

We are of opinion that the court did not err in overruling a demurrer to the above answer.

Palmer v. Adams.

The constitution of the State, article 1, section 10, provides that: "In all prosecutions for libel, the truth of the matters alleged to be libelous may be given in justification."

It is never libelous to publish the truth.

This answer admits the publication set out in the complaint, but justifies it on the ground that the facts detailed in the publication were true. This was a complete defense.

The only matter complained of under the assignment of error calling in question the action of the court in overruling the motion for a new trial, was the ruling awarding to the appellee the right to open and close the evidence and argument on the trial of the cause.

In this there was no error. The burden of the issue was on the appellee. His answer admitted all the material allegations contained in the complaint. It was not necessary, therefore, for the appellant to offer any evidence in support of his case. The party upon whom rests the burden of the issue is entitled to open and close the evidence and argument in the case. *McCormick, etc., Co.* v. *Gray*, 100 Ind. 285; *Kinney* v. *Dodge*, 101 Ind. 573.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Mar. 6, 1894.