Myers *v.* Binkley.

MYERS ET AL. *v.* BINKLEY.

[No. 2,919.    Filed February 1, 1901.]

PLEADING.—*Answer.—Trial.—Burden of Proof.—Right to Open and Close.—Bills and Notes.*—In an action upon a promissory note the complaint alleged that the note was stolen by some person unknown to plaintiff and came into the possession of defendant, the principal, who mutilated the note for the fraudulent purpose of defeating its collection. Defendant answered admitting the execution of the note, denied the larceny thereof, and alleged that after the note became due he paid same to plaintiff's attorney who surrendered to him the note. *Held,* that the burden of the issue was upon plaintiff, and that he had the right to open and close.

From the Johnson Circuit Court.    *Affirmed.*

*W. Hickman, E. M. McCord, R. M. Miller* and *H. C. Barnett,* for appellants.

*Oscar Matthews,* for appellee.

ROBINSON, J.—Appellee sued on two promissory notes. The complaint shows that the notes were executed by appel-

Myers *v.* Binkley.

lants to Wright & Wright, who, before maturity for value in the usual course of business indorsed them to appellee who is now the rightful owner and *bona fide* holder; that after due appellee placed them with a firm of attorneys for collection; that while in the possession of the attorneys the notes were stolen from their office by some person unknown to appellee and came into possession of appellant Myers, who is principal on the notes; that Myers received them knowing they were stolen; that afterwards Myers, for the fraudulent purpose of defeating their collection, mutilated the notes by tearing therefrom appellant's names; the copies filed were of the notes before mutilated.

The answer admitted the "execution and assignment of the notes sued on as alleged", and that they were placed by appellee with attorneys to be collected; denied the alleged larceny of the notes and receiving them as stolen property; and alleged that after they were due appellant Myers paid to one of the attorneys the full amount due, and that the attorney accepted the payment in full satisfaction for the notes and surrendered them to Myers; that such settlement was before the bringing of this suit. Upon the issues thus presented did appellants have the right to open and close the case?

The general rule is well settled that if the answer admits all the material averments of the complaint and avoids them by pleading new matter, the burden of the issue is upon the defendant, and he has the right to open and close the evidence and argument. A denial of this right is reversible error. *Kinney* v. *Dodge*, 101 Ind. 573; *McCormick, etc., Co.* v. *Gray*, 100 Ind. 285; *Palmer* v. *Adams*, 137 Ind. 72.

It is equally well settled that if any of the material facts of the complaint are not confessed, but are denied either directly or argumentatively, the right to the open and close is with the plaintiff. *Rahm* v. *Deig,* 121 Ind. 283; *Samples* v. *Carnahan,* 21 Ind. App. 55.

VOL. 26—14

The question then arises, what is material in the complaint? Those averments of a complaint are material which, under the general denial, the plaintiff must prove to secure a verdict. Appellee sued upon the notes as lost notes, notes which he averred were stolen by some person unknown. He was required to show ownership and to show either that he had possession of the notes or the right to their possession. Appellee averred ownership and averred facts showing why he did not have possession. These facts were that the notes had been stolen. Appellants directly denied this and argumentatively denied it by alleging they got possession by payment.

The answer does admit the execution and assignment, but says nothing about the ownership which appellee avers is in him. The legal ownership of the notes was an issue tendered by the complaint, and was a material issue. "Every material allegation of the complaint not controverted by the answer, * * * shall, for the purpose of the action, be taken as true." §386 Burns 1894. Appellee must establish his ownership before he could recover.

The wrongful possession of the notes by appellant was a material averment of the complaint. Recovery is sought upon notes which have come into the makers' possession. The unexplained possession by the makers raised the presumption that they were the legal owners. This presumption appellee must overcome, and he does this by averring that this possession is wrongful. The answer admits possession of the notes, and alleges such possession is rightful, having come through payment, but the answer denies wrongful possession, both directly and argumentatively. Counsel say the answer amounts to a plea of payment. The presumption of payment would follow from their rightful possession of the notes. The answer denies the wrongful possession, and thus denies a material averment of the complaint.

Judgment affirmed.