ALBRECHT et al. v. LIGNOSKI.

(Court of Civil Appeals of Texas. San Antonio. Feb. 19, 1913. Rehearing Denied March 12, 1913.)

1. APPEAL AND ERROR (§ 547*)—ASSIGNMENT OF ERROR—BILL OF EXCEPTIONS.

An assignment of error to the overruling of defendants' first application for a continuance cannot be considered if it is not sustained by bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427–2432; Dec. Dig. § 547.*]

2. APPEAL AND ERROR (§ 690*)—REVIEW—EXCLUSION OF TESTIMONY.

Objection to the trial court's refusal to permit a witness to answer a question is not reviewable if the record does not show what the answer would have been.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908; Dec. Dig. § 690.*]

3. APPEAL AND ERROR (§ 549*)—REVIEW—EXCLUSION OF TESTIMONY.

Objections to the exclusion of testimony are not reviewable in the absence of a statement of facts showing that the objections were properly made and exception to the court's ruling saved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2441–2451; Dec. Dig. § 549.*]

4. TRIAL (§ 25*)—ARGUMENT—RIGHT to OPEN AND CLOSE.

In an action for breach of an employment contract for unpaid salary and delivery of stock contracted for or in lieu thereof for cash payment, it was not an abuse of discretion to refuse to permit defendants to open and close the argument, where the answer was not a confession and avoidance, but by general and special denial disputed plaintiff's right to recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF PRESENTATION.

An assignment of error cannot be considered if it is not a proposition of law within itself and is not supported by any proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 548*)—STATEMENT OF FACTS—NECESSITY.

Assignments of error to instructions on the ground of insufficiency of the evidence to sustain them cannot be reviewed in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

Error from District Court, Dimmit County; J. F. Mullally, Judge.

Action by Charles Lignoski against Carl A. Albrecht and another. Judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 151 S. W. 886.

Wm. H. Davis, of Crystal City, Vandervoort & Johnson, of Carrizo Springs, Colon Schott, of Cincinnati, Ohio, and Magus Smith, of Pearsall, for plaintiffs in error. Hicks, Hicks & Teagarden, of San Antonio, for defendant in error.

TALIAFERRO, J. This is a suit brought by defendant in error, Charles Lignoski, against Carl A. Albrecht, in the district court of Dimmit county, to recover damages for the breach of a contract of employment and also to recover the sum of $1,000 in lieu of a certificate for that amount of common stock in the corporation formed by the plaintiff in error. Defendant in error alleged in his petition: That he was employed by the defendant by contract, in writing, to superintend a demonstration farm in Dimmit county for one year, from July 15, 1910, for a compensation of $2,500. At the same time plaintiff subscribed, to be paid for in labor, 10 shares of the stock of a corporation to be organized by the defendant; said stock to be paid for at the rate of $125 per month, the balance of said salary to be paid him in monthly cash installments. That thereafter the said corporation was organized under the name of the Carla Land & Irrigation Company, and that the said corporation adopted and ratified the said contract. That thereafter, on the 6th day of May, 1911, plaintiff in error breached the contract by dismissing defendant in error. That on May 15, 1911, there was due the defendant in error $490,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

unpaid salary, and the further sum of $208.-33, salary from the time of his dismissal to the end of the contract period. That some time in the month of April or May, 1911, he received a certificate of stock representing 10 shares of $100 par value each. That he afterwards discovered that the same represented common stock of said corporation, whereas he was entitled to receive preferred stock. He sued to recover $490, salary earned and unpaid, $208.33 for two months of the unexpired contract, and asked that plaintiff in error be required to issue to him 10 shares of preferred stock, or in lieu thereof pay him $1,000 in cash. Judgment was for the defendant in error upon all these issues.

Upon motion of defendant in error, this court heretofore struck from the record, and refused to consider, the statement of facts in this case. Plaintiff in error has filed a motion urging that that judgment be set aside and the statement of facts considered. No new matter is presented in this motion, and we see no reason why we should change our former opinion. The motion is therefore overruled.

[1] The first assignment of error urged by the plaintiff in error is as follows: "The court erred in overruling defendants' first application for a continuance." Under this the proposition is asserted that, since the said motion conforms strictly with the requirements of the statute, the trial court had no discretion to refuse the application. There is no bill of exceptions in the record to sustain this assignment of error, and the same cannot be considered. El Paso Ry. Co. v. Sawyer, 56 Tex. Civ. App. 195, 119 S. W. 107; Railway v. Kirby, 108 S. W. 498; Trabue v. Cook, 124 S. W. 455; Rule 55 District Court (142 S. W. xxi).

[2] The second assignment of error objects to the action of the court in refusing to permit the plaintiff in error to introduce certain proof offered by him upon the trial. The question objected to was as follows: "Was there anything said that he was to have preferred stock?" The court sustained the objection to the question. A bill of exception was taken to the action of the court, but it does not show what would have been the answer to the question if the witness had been permitted to answer the same, and we are therefore unable to see whether or not it was a proper question to be asked, and the assignment is overruled.

[3] The third and fourth assignments are based upon the same ground as the second. There was no bill of exception reserved to this ruling of the court, and, in the absence of a statement of facts showing that the objection to the evidence was properly made and exception to the court's ruling saved, we are unable to consider these assignments, and they are therefore overruled.

[4] The fifth assignment of error complains that the plaintiff in error was not permitted to open and close the argument, and the proposition thereunder is: "The party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument." This assignment is not sustained by the pleadings and is overruled. The plaintiff's cause of action was to recover upon the breach of a contract, and for a salary earned and not paid, and for the delivery of preferred instead of common stock, on a contract to purchase the stock of the company, or in lieu thereof the payment of $1,000, the value of same. The defendant's answer is not a confession and avoidance, but disputes the right of the plaintiff to recover upon his pleadings by general and special denial. The court did not abuse its discretion in refusing to permit the defendant to open and close the argument.

[5] The sixth assignment of error is not a proposition of law within itself, nor is it supported by any proposition, and is therefore overruled.

[6] The seventh and eighth assignments of error complain of the charges given by the court and relate to the insufficiency of the evidence to justify such charges. In the absence of a statement of facts, these assignments cannot be considered, and they are therefore overruled.

The judgment of the lower court is affirmed.