### REYNA v. GONZALES. (No. 7316.)

(Court of Civil Appeals of Texas. San Antonio. March 18, 1925.)

1. **Trial ⊙⟹25(9)—Defendant's pleading held not to admit plaintiff's cause of action so as to give defendant right to open and conclude in introduction of evidence and argument.**

In action to recover money, defendant's answer denying taking money, and alleging that if he did it was with plaintiff's knowledge, in pursuance of mutual agreement between them, wholly negatived plaintiff's cause of action and was not admission thereof, giving defendant right to open and conclude in introduction of evidence and in argument under court rule 31.

2. **Trial ⊙⟹25(10) — Admission of plaintiff's cause of action, to entitle defendant to open and conclude in introduction of evidence and in argument, should be unequivocal, in writing, and entered of record.**

Admission of plaintiff's cause of action by defendant, to entitle defendant to open and conclude in introduction of evidence and in argument, under court rule 31, should be unequivocal, in writing, and entered of record.

3. **Trial ⊙⟹25(2)—Whether defendant is entitled to open and close in introducing evidence and in argument because of admitting plaintiff's cause of action is largely in discretion of trial court.**

Whether defendant has admitted plaintiff's cause of action so as to be entitled under court rule 31 to open and close in introducing evidence and in argument, is largely within discretion of trial court.

4. **Trial ⊙⟹25(10) — Defendant, not making written admission of plaintiff's cause of action after joining issues, not entitled to open and close in introducing evidence and in argument.**

Where defendant did not make written admission of plaintiff's cause of action after issues were joined as required by court rule 31, he was not entitled to open and close in introducing evidence and in argument.

Error from District Court, Webb County; J. F. Mullally, Judge.

Action by · Jose Maria Gonzales against Andres Salinas Reyna. Judgment for plaintiff, and defendant brings error. Affirmed.

M. J. Raymond, of Laredo, for plaintiff in error.

Thomas H. Ward and Hicks, Hicks, Dickson & Bobbitt, all of Laredo, for defendant in error.

COBBS, J. Defendant in error, Jose Maria Gonzales, instituted suit September 26, 1923, to recover $2,171.56, alleged to have been appropriated by plaintiff in error without his consent while plaintiff in error was his bookkeeper, setting forth in his petition the dates and amounts in which the money was taken. Plaintiff in error admitted having taken said amounts claimed by defendant in error, and alleged that the same were taken with the consent and knowledge of defendant in error by virtue of a certain agreement had with defendant in error. Plaintiff in error alleged, by way of cross-action and set-off, that defendant in error was indebted to him in the sum of $2,064.53 for commissions by virtue of an agreement had with defendant in error at the time of his employment, alleging that defendant in error, in order to procure his services, agreed to pay him, in addition to his stipulated salary, 20 per cent. commission on all duties saved by virtue of a concession that defendant in error had to export merchandise into the Republic of Mexico by paying a lesser amount than the customary duties. Defendant in error answered by supplemental petition, denying that he had such agreement with plaintiff in error, and denying that he had any concessions from the Mexican government, alleging that if such were the case it would be a fraud upon the Mexican government.

The cause was tried with a jury upon two special issues, which, with the finding of the jury, are as follows:

"Question No. 1: Did the plaintiff have a concession or arrangement whereby he, as a customs broker, could pass merchandise through the Mexican customs house in Nuevo Laredo at less than the regular tariff rates? Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 2: If plaintiff had such a concession or arrangement, did he agree to give defendant a 20 per cent. interest, or any interest therein? If you have answered the first question 'No,' then you need not answer this question. Answer: No."

[1] The first assignment raises the question that since defendant admitted plaintiff's cause of action, notwithstanding that a defense by way of cross-action is set up, which, if successful, would defeat plaintiff's right of recovery, nevertheless entitled de-

---

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant to the right to open and conclude both in the introduction of evidence and in the argument before the jury.

No such unqualified right is given to any defendant, either by statutory law or any rule of court. Rule 31, cited and invoked by plaintiff in error, requires an unqualified "admission that plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated in whole or in part by the facts of the answer constituting a good defense which may be established on the trial * * * when he * * * shall have right to open and conclude in adducing the evidence and in the argument of the case."

The so-called admission was that:

"Defendant specially denies that he ever abstracted or took any money of plaintiff, but says that if he did take the amount shown by plaintiff that he, defendant, did so with the full knowledge of plaintiff, and in fact the approbation of plaintiff, due to the fact of their mutual agreement as hereinafter fully appears."

This so-called admission negatives in the very beginning plaintiff's cause of action, and therefore does not give the right to plaintiff to open and close the case. Whatever you call the pleading, whether cross-action or reconvention, it goes to the very heart of plaintiff's cause of action, and therefore is a perfect defense, if proven.

The defendant, first, demurred generally to the petition and "says the same fails to state a cause of action against defendant sufficient to require him to further answer herein"; then, second, by answer says, "Defendant admits that he owes the plaintiff the amounts specified in his exhibit marked A"; and, third, denies all other allegations that he abstracted money without the consent of plaintiff; then goes on with the plea by way of confession and avoidance to set up a defense that would defeat the recovery in the whole.

[2] This kind of a plea does not meet the rule of law that would entitle him to the benefits of the closing argument. The admission should be unequivocal, in writing, and entered of record. From such a plea the plaintiff would not be advised what his rights were, or what testimony he would be required to use. The special denial and special plea and answer wholly negatived plaintiff's cause of action. Sanders v. Bridges, 67 Tex. 93, 2 S. W. 664; Steed v. Petty, 65 Tex. 490; Dugey v. Hughs Bros. & Co., 2 Willson, Civ. Cas. Ct. App. § 4.

[3] We overrule the second proposition of plaintiff in error as without merit. In matters of this kind it is very largely in the discretion of the trial court as to when the pleading is in such shape to allow a defendant the right to open and close a case.

The trial court no doubt was of the opinion that the effect of the defendant's answer was to deny the plaintiff's cause of action. If the funds were withdrawn by defendant, as he alleges they were, with consent or approbation of plaintiff, that negatived the fact that there was ever a cause of action to be admitted. The admission is too qualified to be considered. Graham v. Gautier, 21 Tex. 111.

[4] So that in the first place the defendant did not make the written admission after the issues were joined as required by rule 31; and in the second place the admission, if it had been made at the proper time and in the proper form, was not in substance sufficient to bring defendant within the terms of the rule for the reasons above stated. Sanders v. Bridges, 67 Tex. 93, 2 S. W. 664; Steed v. Petty, 65 Tex. 490; Graham v. Gautier, 21 Tex. 111; Baker v. Pierce (Tex. Civ. App.) 248 S. W. 439; Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 221; Albrecht v. Lignoski (Tex. Civ. App.) 154 S. W. 354; Jines v. Astle (Tex. Civ. App.) 170 S. W. 1081. "A defendant not admitting all the allegations of the complaint, does not have the right of opening and replying in testimony and argument." Beckham v. Southern Ry., 50 S. C. 25, 27 S. E. 611; Sorensen v. Sorensen, 68 Neb. 483, 94 N. W. 540, 98 N. W. 837, 100 N. W. 930, 103 N. W. 455; Myers v. Binkley, 26 Ind. App. 208, 59 N. E. 333; Western, etc., Ry. Co. v. Brown, 102 Ga. 13, 29 S. E. 130.

The last case holds that the mere admission by the defendant of the killing does not entitle him to the right to open and close in the absence of an admission that the killing was wrongful. Fletcher v. McMillan, 132 Ga. 477, 64 S. E. 268; Wall v. Wall, 15 Ga. App. 156, 82 S. E. 791.

The pleadings of defendant are at least ambiguous, and did not constitute a clear admission of the truth of the material allegations in plaintiff's petition. Harris v. Pinckney (Tex. Civ. App.) 55 S. W. 38.

There was no error committed by the jury in answering special issue No. 2 in the negative. The testimony was ample to support their finding.

There is no reversible error assigned, and the judgment of the trial court is affirmed.