SLUSSER ET AL *v.* ROMINE.

[No. 15,079.   Filed March 31, 1936.]

*Seebirt, Oare, Deahl & Omacht, Walter R. Arnold* and *John W. Talbot,* for appellants.

*Parker, Grabill, Crumpacker & May, George A. Crane* and *Otis Romine,* for appellee.

WIECKING, J.—This was an action for attorney's fees by the appellee against appellants as the representatives of and representing the members of the Order of Owls, an unincorporated association. The complaint alleged the employment of the appellee in January, 1929, at a time when the Home Nest of the Order was not in session, by Ferdinand D'Esopo, John D. Burke, and Eugene B. Slusser to carry on certain litigation on behalf of the Order of Owls; that the named parties for and on behalf of the Order agreed to pay the appellee the reasonable value of such services; that the appellee undertook such employment, rendered the services which were accepted by the parties for the Order; and that the Order received the benefit of the services which were of the value of $7,500. The complaint further alleged that D'Esopo was

the Supreme President of the Order of Owls; that he lived in Hartford, Connecticut; that the sole executive power of the Order was in the Supreme President when the Home Nest was not in session; that the defendants named are all of the members of the governing body called the "Home Nest" and are members of and represent all of the members of the Order of Owls; and that the said Order has subordinate nests in various cities in the United States and aggregates thousands of persons too numerous to be brought before the court. Summons was issued as to all the defendants except D'Esopo and Mary C. Ohnesorge. The appellee filed an affidavit for attachment in which he set out that those parties were non-residents. An order of attachment against the appellants D'Esopo and Ohnesorge was issued to the sheriff who levied upon certain real estate belonging to the Order of Owls in St. Joseph County. The appellants, other than D'Esopo and Burke, appeared by counsel and filed their answer in general denial and the appellant Slusser filed an additional paragraph of answer alleging payment. The appellant D'Esopo was defaulted on the non-resident notice published as to him. The appellants Talbot and Slusser filed a request for a special finding of facts and conclusions of law. The cause was submitted to the court without the intervention of a jury. At the close of the plaintiff's evidence, the appellants Talbot and Ohnesorge filed a motion for judgment. The defendants the next morning called one witness after which the court heard argument on the appellant's motion for judgment. The court then continued the matter for briefs and authorities to July 7, 1930. No further action was taken until October 3, 1930, when John W. Talbot filed a verified motion to release jurisdiction under Section 603, Burns' Revised Statutes 1926 (Section 2-2102, Burns' Indiana Statutes Annotated 1933). On February 13, 1931, the appellee filed a motion to set for hearing the appellants'

motion for judgment. Hearing was had on September 5, 1931, and continued. On September 23rd, the appellants called the court's attention to their motion to withdraw the issues from the special judge. On May 24, 1932, the court resumed hearing on both motions and ordered a transcript of the evidence. On January 6, 1933, the court filed special finding of facts and stated conclusions of law thereon, and rendered judgment accordingly. On January 9, 1933, the appellants Slusser, Talbot, and Talbot filed a motion for new trial which was overruled and an appeal prayed and granted to this court. The assignment of error here is (1) that the trial court erred in proceeding to a determination in the cause after the filing of the motion to withdraw the issues; and (2) the court erred in overruling appellants' motion for new trial. Under their propositions, points and authorities, the appellants' discuss (1) the first cause for new trial which in legal effect is the same as the first assignment of error; (2) the decision of the court is contrary to law; (3) that the decision of the court is not sustained by sufficient evidence; and (4) that the court erred in admitting in evidence certain conversations between appellee and D'Esopo, Slusser, and Burke without a precedent showing of any authority on the part of such persons to bind the Order of Owls. By a failure to discuss the other specifications of its motion for new trial under their propositions, points and authorities, appellants have waived the same.

The first assignment of error and the first specification of the motion for new trial may be considered together since each is to the effect that the court had no jurisdiction or authority to enter any finding or judgment in this cause by reason of the appellants' motion to withdraw the issues under Section 2-2102, Burns' Indiana Statutes Annotated 1933.

In this case the motion for judgment was filed by the

appellants at the close of the appellee's evidence; thereafter, one witness was called on behalf of the appellants. The motion was *continued* by the court for briefs and arguments. The record does not disclose that the matter was ever submitted to the court until at least May 24, 1932, which was the last day he heard argument of counsel on the motion. The motion filed by appellants on October 3, 1930, by appellant John W. Talbot, was not well taken, as the record does not show that the motion had been submitted to the court and taken under advisement before that time. *Conover* v. *Cooper* (1925), 83 Ind. App. 675, 678 and 679, 145 N. E. 779.

It appears from the record in this case that at the time of the filing of the complaint in this action summons was issued against John W. Talbot, John Harold Talbot, Eugene Slusser, and John D. Burke as residents of St. Joseph County, Indiana, and that each was regularly served with summons in the action. At the same time the appellee filed an affidavit of non-residence as to the appellants Ferdinand D'Esopo and Mary Ohnesorge; thereafter John W. Talbot, John Harold Talbot, Eugene Slusser and Mary Ohnesorge appeared by counsel and made a defense to the action. Ferdinand D'Esopo was defaulted after proof of publication had been properly filed. John D. Burke did not appear and answer and no default was entered as to him. At the time of the trial a stipulation was entered into by all the parties represented that any judgment entered in the case should be against the appellants only in their representative capacity as members of the Home Nest of the Order of Owls and representing all the members of the Order of Owls and not against the appellants in their individual capacities. Under these circumstances the question of whether or not John D. Burke was defaulted or Ferdinand D'Esopo was properly summoned becomes immaterial. The statutes controlling in our judgment are Sections

2-809 and 2-220, Burns' Indiana Statutes Annotated 1933. Section 2-809, *supra*, is as follows:

"2-809 (340). Proceedings, when part only are served. Where the action is against two (2) or more defendants, and the summons is served on one (1) or more, but not all of them, the plaintiff may proceed as follows:

"First. If the action be against defendants jointly indebted on contract, he may proceed against the defendant served; and if he recovers judgment, it may be enforced against the joint property of all and the separate property of the defendant served.

"Second. If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants, and may afterwards proceed against those not served.

"Third. If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any one of them, alone."

Section 2-220 is as follows:

"2-220 (277). Persons united in interest—Joining as plaintiffs or defendants—Exception—When one may sue for all.—Of the parties in the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of anyone who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason thereof being stated in the complaint, and when the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

The finding of facts of the court in this case is to the effect "That the Order of Owls is and was a fraternal organization composed of the Home Nest and subordinate Nests, and the subordinate Nests are lo-

cated in many states of the United States and in some other countries, and was and is composed of many thousands of individuals in different states and countries; that on March 26, 1929, the members of the Home Nest, and governing body, were the following named persons: Ferdinand D'Esopo, John Harold Talbot, Eugene B. Slusser, Mary Ohnesorge, John W. Talbot."

At common law, an unincorporated association could not be sued by its name, but all parties must be made parties defendant, but by enactment of Section 21 of the Civil Code (Sec. 2-220, Burns' Indiana Statutes Annotated 1933) authorizing suits by and against one or more of numerous persons, it was intended to incorporate in the Code the equity rule of procedure which authorized suits by and against representatives of the members of an unincorporated association of a large number of persons. *Colt* v. *Hicks* (1933), 97 Ind. App. 177, 188, 179 N. E. 335, and authorities therein cited.

This action and the judgment in this case were against the defendants jointly in their representative capacity as members of and as representatives of and representing the members of the Order of Owls, an unincorporated voluntary association.

The appellant also contends that the decision of the court is contrary to law on account of the fact that there was no judgment affirmatively sustaining the attachment. This was not an action against real estate, but against the members of the Order of Owls for a judgment for services rendered. As pointed out above, D'Esopo was not the only member of the Order and a judgment in this case did not depend on getting service upon him. The mere failure to adjudicate the issue presented in attachment does not make the decision of the court contrary to law but the judgment stands as though no attachment had been com-

menced. *The Capital City Dairy Company* v. *Plummer* (1898), 20 Ind. App. 408, 49 N. E. 963.

The last contention of the appellant is that the court erred in allowing the appellee to testify, concerning conversations with D'Esopo, Burke, and Slusser, no authority to bind the Order having been shown.

The constitution of the association was introduced in evidence. Section XV of that constitution was as follows:

"XV. The sole executive power of this organization shall be vested in the Home Nest and in the Supreme President when the Home Nest is not in session, including the right to grant dispensations of any and all kinds.

Section XXI of the same constitution is in part as follows:

"XXI. . . . Except as herein otherwise provided, the executive, legislative and all other powers of the Home Nest shall be vested in the Supreme President, Secretary and Treasurer. . . ."

At the time of the commencement of the litigation in 1928, out of which this case arose, the persons in question claimed to be the legally elected officers of the Order, and the whole purpose of the litigation for which appellee was employed was to have them declared the proper officers and to obtain possession of the records and funds of the Order. The decree of the U. S. District Court which concluded all the litigation on that subject was introduced in evidence. That decree adjudged that "during 1928 the acts of Ferdinand D'Esopo as Supreme President were the acts of the Order." No showing is made that there was any appeal from that judgment or that it has ever been modified or set aside. There was no error in admitting the testimony in regard to such conversations in evidence.

Finding no reversible error the judgment of the St. Joseph Circuit Court is in all things affirmed.

Judgment affirmed.

Curtis, C. J., not participating.