**LOCAL 15 OF the INDEPENDENT WORKERS OF NOBLE COUNTY, INC.**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS**, an unincorporated association, and Gordon M. Freeman, as President of, and as Representative of the Members of the International Brotherhood of Electrical Workers, an unincorporated association, and Joseph D. Keenan, as Secretary of, and as Representative of the Members of the International Brotherhood of Electrical Workers, an unincorporated association, and Robert E. Schaefer, individually and as Representative of the Members of the International Brotherhood of Electrical Workers, an unincorporated association.

Robert J. **BARBIERI**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS**, an unincorporated association et al.

Clive R. **CARLETON**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS**, an unincorporated association et al.

Richard B. **OWEN III**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS**, an unincorporated association et al.

Civ. Nos. 1770–1773.

United States District Court
N. D. Indiana,
Fort Wayne Division.

March 3, 1967.

Norbert L. Wyss and Robert S. McCain, Fort Wayne, Ind., for plaintiffs.

Max E. Hobbs, Fort Wayne, Ind., for defendants.

## ORDER

ESCHBACH, District Judge.

This matter is before the court on motions filed by the defendants in the captioned cause to dismiss this action or, in the alternative, to quash the return of

service as to each of the within-named defendants.

The motion to dismiss for failure to state a claim must be denied.

The motion to dismiss for improper venue will be denied.

The motion to quash the return of service as to all named defendants must be granted in part and denied in part.

This cause is one of four companion diversity cases filed in this court, the others being Civil 1771, 1772, and 1773, growing out of the same alleged incidents. Plaintiff in this cause is an incorporated labor organization, formed as an organization of employees of the McCray Refrigerator Company, Inc., at Kendallville, Indiana, to carry out collective bargaining and for other purposes. Plaintiff's complaint, in eight separate counts, alleges in substance that on four different occasions in 1966, to wit, on May 5, May 9, May 10, and May 13, the defendants caused to be published certain false and defamatory statements, which statements were allegedly contained in circulars delivered by hand to employees of McCray. It is alleged that these alleged publications stated or inferred that the officers of Local 15 were guilty of gross mismanagement and misconduct in the handling of employee affairs. Plaintiff claims that as a result of the alleged libelous publications, plaintiff sustained damage to its good name, public esteem, and reputation as a responsible labor organization and has lost influence, support, and monies with which it could have continued its activities. It is alleged that the allegedly libelous publications were published by defendants with malice and with complete disregard for the rights and reputation of the plaintiff.

The court would point out at this time that, notwithstanding that the return of service of process as against all defendants save the defendant Schaefer *individually* will be quashed, thus obviating the necessity of dealing with the motions to dismiss, the court, in the interest of justice to avoid further and undue delay, will nevertheless deal with all matters presented.

Defendants contend that the instant lawsuit cannot be brought against the International Brotherhood of Electrical Workers, an unincorporated association, as such; that suit can only be brought against the individual members of said organization; that the same has not in fact been done; and that the lawsuit cannot proceed as a class action inasmuch as no member of the alleged class has been validly served with process.

■ In Indiana a private, unincorporated association cannot, absent enabling legislation, sue or be sued as an entity in its association name. Karges Furniture Co. v. Amalgamated Woodworkers Local Union No. 131, 165 Ind. 421, 75 N.E. 877, 2 L.R.A.,N.S., 788 (1905); Lafayette Chapter of Property Owners Association v. City of Lafayette, 129 Ind.App. 425, 157 N.E.2d 287 (1959). To enforce a right on behalf of or against such an association, suit must be brought in the name of all of the individual members of the association, Karges Furniture Co. v. Amalgamated Woodworkers Local Union No. 131, supra, subject, however, to the well-recognized alternative of proceeding against the entire membership by means of a class action. Where the members of the group are so numerous that it is impossible or impracticable to bring them all before the court, one or more of the class may sue or defend for and on behalf of the entire group. See Slusser v. Romine, 102 Ind.App. 25, 200 N.E. 731 (1936). This procedural device is recognized in Indiana as having applicability to actions by or against unincorporated labor unions. See Colt v. Hicks, 97 Ind.App. 177, 179 N.E. 335 (1932).

■■ Thus, as a matter of substantive law, although an unincorporated labor organization cannot be sued in its common name, it can be subjected to suit through the procedural device of a class action against its membership individually. This rule of law must govern under the facts of the instant case, at least with regard to the suability of the unincorporated association, under Fed.R.Civ. P. 17(b). See also 2 Barron & Holtzoff,

Fed.Pract. & Proc. § 563 (Rules ed., Wright, 1961). But once given that there is no substantive law prohibition against an unincorporated labor organization being sued by means of a class action against the members thereof, the rules governing whether and how the action must proceed will, of course, be governed by Fed.R.Civ.P. 23. Oskoian v. Canuel, 269 F.2d 311 (1st Cir. 1959); and see Benz v. Compania Naviera Hidalgo, S/A, 233 F.2d 62 (9th Cir. 1956), cert. den. 352 U.S. 890, 77 S.Ct. 126, 1 L.Ed.2d 85 (1956), aff'd 353 U.S. 138, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957); 2 Barron & Holtzoff, supra, at 288; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 148 F.2d 403 (C.C.A. 4th 1945); Eads v. Sayen, 281 F.2d 791 (7th Cir. 1960).

■ An examination of the record in this case reveals that a total of five summonses issued from this court. One of them was directed to the International Brotherhood of Electrical Workers, to be served upon the "highest ranking officer present," and was in fact served, in Washington, D. C., upon Gordon M. Freeman, President. For the reason, discussed above, that the Union lacks capacity in the instant cause and for the further reason that service of process was effected beyond the territorial limits of this court's jurisdiction and was not validated by any state or federal law permitting extra-territorial service or service by publication or otherwise, the service on the International Union through Gordon M. Freeman, President, was a nullity and to no effect. See Fed.R.Civ. P. 4(d) (7) and Burns Ind.Stat. §§ 2–808, 2–807 (1946 Repl.).

■ Next, there was service on one Joseph D. Keenan and on Gordon M. Freeman, as officers of and as representatives of the members of the International Brotherhood of Electrical Workers. Inasmuch as the Union could not be sued as an entity, service in Keenan's and Freeman's capacity as officers of said organization was a nullity. In their capacity as representatives of the class of members of the Union, without passing on the adequacy of their standing as representatives or whether the manifold requirements of Fed.R.Civ.P. 23 have been satisfied, service on these individuals was once again a nullity. Notwithstanding the purported class nature of the suit, personal jurisdiction must still be obtained over those individuals named as the class representatives, see Calagaz v. Calhoon, 309 F.2d 248 (5th Cir. 1962), and, without a class representative who is properly within the court's judicial power, the class is not properly before the court. In the case at bar, although defendants Keenan and Freeman were both personally served with process, they were served in the city of Washington, D. C. This service did not satisfy the requirements of any of the subsections of Fed. R.Civ.P. 4. Service under Rule 4(d) (1) was of no effect inasmuch as service was had beyond the territorial limits of this court's jurisdiction. Rule 4(f). Nor can plaintiff avail itself of the latitude afforded by Rule 4(d) (7), for, under Indiana law, although extra-territorial service of process may be valid in some cases, it will be valid only where service by publication would have been effectual. Burns Ind.Stat. §§ 2–808, 2–807. However, plaintiff has not shown that any of the statutory conditions for such service prevailed or are applicable in this case. Accordingly, service of process on defendants Keenan and Freeman was of no force or effect.

■ The only other individual served with process was the defendant Robert E. Schaefer, who was served twice—once as representative of the International Union and once individually and as representative of the members of said organization. For the same reason previously stated, service on Schaefer as representative of the Union itself is ineffectual. Moreover, the fact that Schaefer was allegedly the duly authorized representative and business agent of the International Union in this territory does not validate this service under Fed.R.Civ. P. 4(d) (3). Although a general agent may, in an appropriate case, be served for the association for whom he works,

that is only where the unincorporated association is, under applicable substantive law, subject to suit in its common name. This is not the case at bar.

### The Motion to Quash

The question that must now be answered is an extremely vexing and difficult one—one that has not been clearly answered in the decided cases. This question, simply stated, is this: Is a business representative, who is not a member of the unincorporated labor organization which he represents, nevertheless a "member" of the class of "Members of" said organization, within the meaning of the class action provisions of the Federal Rules of Civil Procedure, Rule 23, such that service of process on him is sufficient, all other requirements assumed, to give the court jurisdiction over the entire class? This court concludes that he is not.

It appears, with respect to the service of process on defendant Schaefer, that service was effected within the limits of this court's jurisdiction and thus was valid service of process for purposes of bringing this individual before this court. However, this being accomplished, the court must still determine whether this action can proceed as a *class* action against the membership of the International Brotherhood of Electrical Workers, a determination which was rendered unnecessary in the case of service on the defendants Keenan and Freeman.

Rule 23 of the Federal Rules of Civil Procedure, prior to the 1966 amendments thereto, effective July 1, 1966, provided that:

> "If persons *constituting a class* are so numerous as to make it impracticable to bring them all before the court, such *of them*, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued * * *." (Emphasis added)

The language of the rule thus indicates that the class representative must first and foremost be a *member* of the class. This requirement, as a *sine qua non* of

bringing a class action, insures a diligent performance by the class representative and has been recognized by the commentators, 3 Moore, Fed.Pract. § 23.04(2d ed.), 2 Barron & Holtzoff, Fed.Pract. & Proc. § 567 (Rules ed., Wright, 1961), and in the decided cases. See, e. g., Hickey v. Illinois Cent. R. Co., 278 F.2d 529 (7th Cir. 1960), and Fitzgerald v. Kriss, 10 F.R.D. 51 (D.C.N.Y.1950). Rule 23 was amended in 1966, the amended rule providing in pertinent part:

> "One or more *members* of a class may * * * be sued as representative parties on behalf of all * * *." (Emphasis added)

While this court does not purport to apply the amended rule to the case at bar, which was commenced some three weeks prior to the effective date of the amended rules, it is significant to note the addition of the word "members" at the beginning of the rule. This change was occasioned without comment by the Advisory Committee even though extensive notes and comments accompanied most of the other changes which were made in the rule. In light of the case law under pre-amendment Rule 23, it seems rather that this change was simply a means of clarification of existing law. See also amended Rule 23, adding a new Rule 23.2, applicable specifically to unincorporated associations, which rule embodies the standards and requirements of Rule 23.

The dispositive issue, therefore, appears to be whether, under the facts as alleged in this case, the relationship of defendant Robert E. Schaefer to the International Brotherhood of Electrical Workers and the members thereof is such as would warrant his being considered a "member" of the class being sued in this case, within the meaning of the requirement of Rule 23. The threshold task must, of necessity, be to determine and define the *class* being sued.

Plaintiff had the ability to choose the class to be sued and to define the reach and extent of said class. This the plaintiff appears to have done by its reference in the complaint to the "members" of the

International Brotherhood of Electrical Workers. The defendants have specifically averred that defendant Schaefer is *not a member* of said organization, notwithstanding that he is alleged to be the union's business agent, or international representative for this territory. Plaintiff has not attempted to contradict this assertion, and this court must presume that the allegation of nonmembership is true. While it is readily apparent from a reading of the complaint and the exhibits attached thereto that defendant Schaefer in fact had a very close connection with the publication of the allegedly libelous matter which is the subject of the complaint, his name even appearing alone under one of the alleged libelous publications (Exhibit A), nevertheless, this fact, standing alone, does not make him a member of the class named in the complaint. The activities of an agent may under ordinary principles of agency render the principal liable, but this is not relevant to a determination of an individual's status as a class member.

 Plaintiff is only partially correct in arguing in its brief that sufficiency of service of process in a class action is tested by determining whether such service gave adequate notice to the other members of the class of the pendency of the lawsuit. First of all, this is not the *only* test to determine the validity of service on one as the class representative, but is one of many tests that are imposed by Rule 23. Secondly, and more fundamentally, none of these tests even come into play until the class has been identified and a *member* or members thereof have been designated as class representatives and have been validly served with process. See Hackett v. Kincade, 36 F.R.D. 442 (D.C.Miss.1964) (civil rights).

While it is possible that, under the circumstances of the case at bar, plaintiff may choose to proceed against defendant Schaefer *individually* with respect to one or more of the alleged libels, providing, of course, that the standards and requirements laid down in Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) are satisfied, this again does not alter defendant Schaefer's status. This court, however, intends no pronouncement on the merits of such an action against Schaefer individually and would indicate the above only by way of validating the service of process which was obtained on defendant Schaefer individually. However, nothing has been shown to this court that would point to defendant Schaefer as a member of the class of union members, who, after all, assuming again that the requirements of the *Linn* case, supra, and of Section 6 of the Norris-LaGuardia Act, 29 U.S.C. § 106 are satisfied, would ultimately stand liable, if any liability there ultimately be.

Accordingly, it having not been shown that defendants Keenan and Freeman, though *arguendo* class members and representatives, were validly served with process within the jurisdiction of this court, and it further having not been shown that defendant Schaefer, though validly served with process, was a member of the class sued by plaintiff, defendants' motion to quash the return of service as to each summons, the same being: The summons issued to International Brotherhood of Electrical Workers, to be served on Robert E. Schaefer, dated June 6, 1966; the summons issued to International Brotherhood of Electrical Workers, to be served upon the highest ranking officer present, dated June 6, 1966; the summons issued to Joseph D. Keenan, et al, dated June 6, 1966; the summons issued to Gordon M. Freeman, et al., dated June 6, 1966; and that portion of the summons issued to Robert E. Schaefer, as representative of the union and members thereof, dated July 6, 1966, must be granted, and the return of service as to each of the foregoing summonses is hereby quashed and voided. However, the return of that portion of the summons issued to Robert E. Schaefer individually will not be quashed, and defendants' motion is, to this extent only, denied. Nothing in this order is intended to deny to plaintiff the right to pursue further efforts to effect valid service of process.

*The Motion to Dismiss*

Although in light of the disposition of defendants' motion to quash, the court need not deal with the merits of the motions to dismiss, the court will nevertheless dispose of the remaining matters raised by the defendants herein so that the instant lawsuit may proceed, if at all, without additional delay.

The question raised by defendants' motion to dismiss for failure to state a claim upon which relief can be granted is whether, under the notice pleading requirements of the Federal Rules of Civil Procedure, plaintiff has shown facts sufficient to warrant relief. The question is complicated by the fact that the alleged libels published in the instant cause allegedly were published in the context of a labor controversy within the jurisdiction of the National Labor Relations Board.

 It is axiomatic that facts well pleaded are taken as admitted for purposes of the motion to dismiss. United States v. New Wrinkle, 342 U.S. 371, 72 S.Ct. 350, 96 L.Ed. 417 (1952).

Because of the fact that the nature of the circumstances surrounding the alleged publications may cast the nature of the allegedly tortious conduct in a different light, it may be well for purposes of this motion first to determine whether on plaintiff's complaint there has been shown a right to relief, assuming, for the instant purpose, that the alleged conduct occurred in a *non*-labor context.

Under the allegations of the instant complaint, plaintiff has stated a claim for relief.

 A statement may be defamatory when it is such as would tend to hold the plaintiff up to hatred, contempt, or ridicule; when it causes him to be shunned or avoided or tends to injure him in his profession, trade, or calling. Prosser v. Callis, 117 Ind. 105, 19 N.E. 735 (1889); Patchell v. Jaqua, 6 Ind.App. 70, 33 N.E. 132 (1893). In general, it may be said that defamation is that which tends to injure "reputation" or to diminish the esteem, respect, goodwill, or confidence in the plaintiff or to excite derogatory feelings or opinions about the plaintiff. Prosser, Torts (2d ed.) § 92. In order to justify recovery, plaintiff need only prove that defendant published an actionable libel, that is, that the words were actionable, that the statement was false, and that it was not privileged. For purposes of the instant motion, however, the court need not deal with possible affirmative defenses that may be available to a defendant, such as justification, Palmer v. Adams, 137 Ind. 72, 36 N.E. 695 (1894), or qualified privilege, Henry v. Moberly, 23 Ind.App. 305, 51 N.E. 497 (1898). And see Cadle v. McIntosh, 51 Ind.App. 365, 99 N.E. 779 (1912). These are matters to be raised by answer, if at all, Fed.R.Civ.P. 8(c), and not by a motion to dismiss. Olan Mills, Inc. of Tenn. v. Enterprise Pub. Co., 210 F.2d 895 (5th Cir. 1954).

 In determining whether words are actionable, the words allegedly used are to be given their natural and ordinary meaning under the circumstances in which they were uttered, Logan v. Logan, 77 Ind. 558 (1881) (slander), according to the ideas they were intended to, or did, convey. Some words are deemed actionable *per se*, that is, on their face, without further reference to other facts or circumstances, while in other cases the defamatory meaning alleged is not readily apparent. In such cases, the published words must be placed in context or connected with extrinsic facts or circumstances for the allegedly defamatory meaning to become apparent. See Gibson v. Kincaid, 221 N.E.2d 834 (Ind.App. 1966) (concurring opinion by Faulconer, J.). However, whether the words alleged in each of the eight counts of the complaint at bar are such as are defamatory *per se* or are defamatory only *per quod* is, for purposes of the instant motion to dismiss at least, merely academic. Inasmuch as the defamatory meaning of the words alleged is either apparent or is made to appear in each of the counts of the complaint, see Tracey v. Hacket, 19 Ind.App. 133, 49 N.E. 185 (1893) (false imputation of the commission of an in-

dictable crime held defamatory *per se*), Henderson v. Evansville Press, Inc., 127 Ind.App. 592, 142 N.E.2d 920 (1957), and Prosser v. Callis, 117 Ind. 105, 19 N.E. 735 (1888) (false utterance that tends to prejudice or injure a person in his profession, trade, or business or that imputes want of integrity or honesty to a person holding an office held defamatory *per se*), the only purpose in making the distinction between words actionable *per se* and those actionable *per quod* would be the fact that special damages must be shown in most cases of the latter. See Rose v. Indianapolis Newspapers, Inc., 213 F.2d 227 (7th Cir. 1954), and Gibson v. Kincaid, supra. Plaintiff has, in each of the counts of its complaint, pleaded special damages, and thus the legal distinction between libel *per se* and libel *per quod* as applied to the facts of this case need not be considered or resolved at this time.

■■■ Looking at the allegations of the complaint at bar and the exhibits attached thereto and incorporated therein, it is apparent that plaintiff, in eight separate counts, has variously alleged that the defendants caused the alleged libels to be published, that the alleged publications were false and defamatory, and that said alleged publications caused damage to plaintiff. The four alleged publications include accusations of dishonesty and of conduct bordering on and constituting embezzlement on the part of certain officers of Local 15. Additionally, the alleged publications include references to and inferences of bad faith, exploitation, general mismanagement, or misconduct on the part of said officers of Local 15 and of plaintiff's attorney. While it is unnecessary at this time to detail the specifics of all or any of the alleged publications, and the above alleged accusations are meant only to capsulize some inferences that could be drawn from the contents of the alleged publications, it is sufficient to note that accusations that certain named officers of Local 15 lied to its members, were guilty of drawing unearned and unwarranted fees and salaries from said Local 15, that they

viewed Local 15 as their personal gold mine and the members thereof as suckers, and that they were guilty of embezzlement, or, at the least, of shorting or misappropriating Local 15 funds, adequately comes within the scope of actionable libel as the law of libel stands in this state. To be sure, there is considerable variation as between the four alleged publications, and it may ultimately prove to be the case, even assuming an effective service of process on the defendants herein, that plaintiff will be unable to prove all of the required elements necessary to recovery or will be unable to overcome one or more possible defenses, if any, raised by the defendants. Taking the complaint as a whole, however, this court cannot say that, for purposes of the present motion and under the facts and circumstances of this case, plaintiff is entitled to no relief. Apart from constitutional considerations of free speech, cf. New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), not an issue in the present case, and matters of special defense that may or may not be interposed, plaintiff has stated a claim for relief.

Thus far, as was indicated earlier, the court has considered the motion to dismiss without regard to the fact as alleged that the alleged libels herein were claimed to have been published during the course of a labor controversy otherwise subject to the jurisdiction of the National Labor Relations Board. This element, however, must now be added in view of the foregoing determinations and the inquiry made whether the posture of the alleged publications is or will be altered thereby.

This issue is, in substance, not unlike the issue which faced the Supreme Court in the recent case of Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). The court there viewed the issue as being one of determining whether and to what extent the National Labor Relations Act supersedes state law with respect to libels published during labor disputes. The problem presented grows out of the necessity, on the one

hand, of accommodating the Federal interest in a uniform regulation of labor relations with the state's legitimate concern and traditional responsibility, on the other hand, of protecting those within its jurisdiction against defamatory attacks. This problem is squarely presented in those instances where certain words, commonly used in the context of a labor controversy, are sufficient to be actionable libel or slander under state law. See *Linn*, supra. Such words are often even held to be actionable *per se,* thus obviating the necessity of showing actual damages. In *Linn,* the Supreme Court held that a state's law of libel as applied to remarks published in a labor controversy has not been blanketly pre-empted by national labor legislation and that there are certain areas of only peripheral concern to the National Labor Relations Board in which a state's interest in protecting against defamatory utterances would not conflict with the Board's concern for protecting Section 7 rights in labor relations. Although noting that the Board has allowed wide lattitude to the opposing parties and has refused to be a censor of campaign propaganda, tolerating even abusive, intemperate, and inaccurate statements, the court found that the Board does not go so far as to give any party a license to injure the other intentionally by circulating defamatory or insulting material known to be false. Accordingly, the court held that an action for a *malicious* libel, made with knowledge of its falsity or with reckless disregard of whether it was true or false, could be maintained, provided that the allegedly maligned individual could show that the alleged libel *caused him damage.* (At 664 of 86 S.Ct.)

The complaint in the instant case meets the tests laid down in the *Linn* case. Each count specifically alleges that the alleged libel was published maliciously and with reckless disregard for the rights and reputation of the plaintiff. The fact that *Linn* speaks in terms of reckless disregard for the "truth or falsity" while the allegations of the complaint at bar speak in terms of reckless disregard for the "rights and reputation" of the plaintiff is not, at least at this stage, a material distinction or deviation from the *Linn* standards. And, in each of the eight counts, plaintiff alleges special damages, viz., injury to its good name and reputation and loss of monies and support, elements of special damage which would be sufficient to meet the *Linn* standards. The court need not at this time determine whether the allegations of the complaint are such as would support exemplary or punitive damages.

■ The fact, therefore, that the alleged libels were here published in the context of a labor dispute otherwise subject to the jurisdiction of the National Labor Relations Board does not, under the facts and circumstances alleged, affect the sufficiency of the instant complaint to withstand the motion to dismiss. It must again be emphasized that the court, in denying the motion to dismiss, does not indicate that plaintiff will or will not ultimately prevail on the merits, assuming, of course, that the case is tried. Nor is it to imply that, if service is ultimately effected on a representative member of the class, any or all members of the International Union would be liable. See Section 6 of the Norris-LaGuardia Act, 29 U.S.C.A. § 106, and see Montgomery Ward & Co. v. Langer, 168 F.2d 182 (8th Cir. 1948).

Accordingly, defendants' motion to dismiss for failure to state a claim must be, and the same hereby is, denied.

■ Finally, defendants' motion to dismiss for improper venue must be denied. Contrary to defendants' position, venue in a case founded solely on diversity of citizenship is proper in the judicial district where all *plaintiffs* reside, as well as where all defendants reside. 28 U.S. C. § 1391(a). The complaint at bar alleges, and the allegation is nowhere refuted, that plaintiff is a resident of this judicial district.

Accordingly, defendants' motion to dismiss for improper venue is denied.